THE STATE ex rel. MARY F. SHAWHAN, Executrix of Last Will of George H. Shawhan, v. JAMES ELLISON et al., Judges of Kansas City Court of Appeals.

In Banc, February 2, 1918.

1. **CONFLICT OF OPINIONS: Corporation's Negotiable Note: Consideration: Ultra Vires: Buying Its Own Stock: Instruction.** A stockholder had agreed with a third party to sell him one hundred shares of the stock of a corporation, and said party by written agreement agreed to pay ten thousand dollars therefor by a certain day. On said day the corporation issued its note for $5000 to said stockholder and attached fifty shares of its stock, received from him, to the note as collateral security, and he wrote an acknowledgment of "full settlement and satisfaction" on his contract with the third party and surrendered it to him. To an action on the note the corporation's answer, which was not under oath, pleaded no consideration and *ultra vires*. The trial court instructed the jury to return a verdict for plaintiff if they found that the corporation executed the note upon the consideration that the stockholder released the third party from his written obligation to purchase and pay for the stock. The Court of Appeals held that the plea of no consideration was well pleaded, and that the instruction was error, since the transaction amounted to nothing less than an attempt by the corporation to purchase its own stock. *Held*, that said act was clearly *ultra vires* the corporation; and,

a. The Supreme Court has never ruled that "an inconvenience, loss or injury, or the risk of it to the party promised," is a sufficient consideration for an *ultra vires* contract; and, hence, the opinion of the Court of Appeals cannot be quashed for failing to so rule.

b. Where the instruction authorized plaintiff to recover on a finding of facts which upon their face show the transaction to have been *ultra vires* the defendant corporation, cases having to do with the rule that new matter, in order to be available as a defense, must be specifically pleaded, have no bearing on the assignment that the opinion of the Court of Appeals holding the instruction bad conflicts with the previous decisions of the Supreme Court, but rather seem to be in harmony with the spirit of previous rulings of said court, which in effect are that one's recovery cannot be based on grounds which upon their face appear to be illegal.

State ex rel. v. Ellison.

c.  If the holding of the Court of Appeals that the consideration mentioned in the instruction was not sufficient for the execution of the *ultra vires* note of the corporation, be permitted to stand because not in conflict with the previous rulings of the Supreme Court, then it must follow that the question as to whether or not the contract had been fully performed by said stockholder necessarily drops out of the case.

2.  ———: **Raised By Respondent.**  While it is unusual for both parties in *certiorari* to claim that the opinion of the Court of Appeals should be quashed on the ground of conflict, yet when the Supreme Court once obtains jurisdiction of the case for the purpose of determining matters of conflict there is no reason why all matters of conflict, whether they be suggested by relator or respondent or even by the court's own discovery, should not be determined.

3.  ———: **Negotiable Note: Presumption of Consideration: Destruction of Books.**  The ruling of the Court of Appeals that "the failure of the defendant corporation to produce documentary evidence, which should have been extant and in its possession, to show with precision the nature of the consideration of the note sued on, leaves the evidence on that issue in a state affording support to contradictory inferences, and, therefore, as presenting issues of fact for the jury to determine," where the corporation destroyed documentary evidence in its hands at the commencement of the litigation, by selling its ledger to a junk dealer and removing certain pages from the "bills payable" book, does not conflict with any previous decision of the Supreme Court, and said court will not rule that the Court of Appeals erred in refusing to rule that, under the circumstances, the presumption that the note was given for a valid consideration, was, as a matter of law, destroyed.

4.  ———: **Exclusion of Evidence: Ascertainment of Facts.**  In determining conflicts between the opinion of the Court of Appeals and the previous decisions of the Supreme Court, in a *certiorari* proceeding, the Supreme Court will not go beyond said opinion to ascertain the facts.  If nothing is said in said opinion concerning a certain witness or his competency, the Supreme Court will not rule that said opinion conflicts with its decisions in not ruling that the exclusion of the testimony of said witness was error.

## Certiorari.

Writ quashed.

*George W. Day* and *Ulysses S. Weary* for relatrix.

(1)   Notwithstanding instruction numbered 5 required the jury to find that Shawhan surrendered Garcelon's obligation to him in the sum of $10,000, in consideration of the note sued on, the judgment of the Court of Appeals reversed the judgment of the trial court because, on such facts, "defendant received no valid consideration for the note." In thus holding that it is necessary that the maker of a note receive some consideration therefor, the Court of Appeals failed to follow the last previous controlling decision, as well as all former decisions, of this court, on what constitutes a valid consideration for a promissory note. Strode v. Transit Co., 197 Mo. 621; Green v. Higham, 161 Mo. 337; St. Louis v. Gas Co., 70 Mo. 116; Carr v. Card, 34 Mo. 517; Marks v. Bank, 8 Mo. 319.   (2)   The defendant corporation, not having by its answer set up the defense that the note was given in consideration of the discharge of the debt owed Shawhan by Garcelon —an *ultra vires* act—it waived that defense, and the judgment of the Court of Appeals, in effect, holding that it did not waive it, violates the last decision, and all previous controlling decisions, of this court, that when the illegality does not appear from the contract itself, or from the evidence necessary to prove it, but depends upon extraneous facts, the defense is new matter and must be pleaded in order to be available. Bell v. Warehouse Co., 205 Mo. 492; Kellerher v. Henderson, 203 Mo. 511; McDearmott v. Sedgwick, 140 Mo. 183; Agricultural & Mechanical Assn. v. Delano, 108 Mo. 220; Savings Institution v. Jacoby, 97 Mo. 627; Moore v. Ringo, 82 Mo. 473; Musser v. Adler, 56 Mo. 449; Sybert v. Jones, 19 Mo. 88.   (3)   The judgment of the Court of Appeals condemning instruction numbered 5 and reversing the case, on account of the giving thereof by the trial court, violates, and conflicts with, the last previous controlling decision of this court, as well as other prior controlling decisions hereof, that a

corporation cannot avail itself of the defense of *ultra vires,* when the contract in question has been in good faith fully performed by the other party, and when it will not advance justice, but, on the contrary, will accomplish a legal wrong. St. Louis v. Railway, 248 Mo. 27; Cass County v. Insurance Co., 188 Mo. 16; Bank v. Trust Co., 187 Mo. 526.

*Warner, Dean, McLeod & Langworthy* for respondents.

(1) The instruction held by the Court of Appeals to be erroneous is to the effect that the plaintiff could recover if the jury found that the note of the defendant corporation was given by said corporation to Shawhan, in satisfaction of a personal obligation of one Garcelon under a written contract entered into between him and Shawhan. This instruction is exactly contrary to the decisions of this court, and the Court of Appeals therefore properly held that it was erroneous. Hunter v. Garanflo, 246 Mo. 131; State ex rel. v. Hardware Co., 147 Mo. 373; Charcoal Co. v. Lewis, 154 Mo. App. 548; O'Brien v. Transfer Co., 81 Mo. App. 664; Johnston v. Realty Co., 62 Mo App. 160; Carriage Mfg. Co. v. Hilbert, 24 Mo. App. 338. (a) The plaintiff's contention that the opinion of the Court of Appeals ignores the decisions of this court holding in effect that any injury or inconvenience to the promisee is sufficient consideration for a promissory note, is incorrect. That proposition was not discussed or passed upon by the Court of Appeals, and was not involved. The question was whether the instruction permitted recovery on an illegal ground, and under the decisions of this court, it did do so, and was therefore erroneous. (b) Plaintiff's further criticism of the opinion of the Court of Appeals, that it ignored and is contrary to the decisions of this court holding in effect that where any new matter which is extrinsic to a contract, is relied upon as a defense in a suit upon the contract, such extrinsic matter must be pleaded, will not be

supported by an examination of the opinion of the Court of Appeals. The instruction found by the Court of appeals to be erroneous does not permit the defendant to avail itself of a defense not pleaded. On the contrary, it permits the plaintiff to recover for a transaction which this court has repeatedly held to be illegal, and contrary to sound public policy, and it was clearly an improper instruction. (2) That part of the opinion of the Court of Appeals holding that the trial court properly refused to give a directed verdict for the defendant is contrary to the decisions of this court. (a) The Court of Appeals improperly held that where the plaintiff's case is based entirely upon a presumption, and the defendant's evidence, which is undisputed, completely rebuts that presumption, the plaintiff has nevertheless made out a prima-facie case. Mockowik v. Railroad, 196 Mo. 571; Bragg v. Met. St. Ry., 192 Mo. 354. (b) A directed verdict should have been given for the further reason that the documentary evidence showed conclusively that the note sued on was given either in an attempt by the defendant company to purchase its own stock or to satisfy the personal obligation of one Garcelon, both of which are illegal under the decisions of this court. If the note was given in an attempt by the defendant company to purchase its own stock, it was illegal. Hunter v. Garanflo, 246 Mo. 131; Banking Co. v. Mfg. Co., 168 Mo. 645; Gill v. Balis, 72 Mo. 424. If the note was given in satisfaction of the personal obligation of Garcelon, then under the decisions of this court, it was without valid consideration. Hunter v. Garanflo, 246 Mo. 131; State ex rel. v. Hardware Co., 146 Mo. 373. (3) The opinion of the Court of Appeals was further contrary to the decisions of this court, in holding that there was no error in excluding the evidence of the witness, Morrin. The defendant offered J. S. Morrin, president of the plaintiff company, as a witness, and the trial court, upon the objection of plaintiff held that he was an incompetent witness, and declined to permit him to testify. The Court of Ap-

peals in holding that "there is no other error in the record but that noted," held that the trial court properly excluded the evidence of Morrin and thereby failed to follow the decisions of this court with reference to the waiving of the incompetency of a witness. Epstein v. Railway, 250 Mo. 19; State v. Long, 257 Mo. 214. And also failed to follow the recent decision of this court holding that where an agent is engaged in certain transactions for his principal with another person, and that other person subsequently dies, and the transactions are involved in litigation, the agent is not thereby rendered incompetent as a witness. Wagner v. Binder, 187 S. W. 1128.

WILLIAMS, J.—By this, an original proceeding in *certiorari,* relatrix, on the ground that it conflicts with our last previous ruling on the subject, seeks to quash an opinion delivered by the Kansas City Court of Appeals in the case of Mary F. Shawhan, Executrix, etc., v. Shawhan Distillery Co., 195 Mo. App. 445.

Facts, here material, and stated in the opinion of the Kansas City Court of Appeals, may be summarized as follows:

Mary F. Shawhan, executrix of the will of her deceased husband, George W. Shawhan, brought suit against the Shawhan Distillery Company, a Missouri corporation, upon a promissory note in the sum of $5000, dated January 31, 1912, due two years after date and payable to the order of said Geo. H. Shawhan. The note contained a collateral agreement pledging fifty shares of the capital stock of said corporation as security.

The answer pleads no consideration, and further that the only consideration for the note was the sale by Shawhan to the defendant corporation of the fifty shares of stock which were pledged as collateral security with the note. The answer was not verified. The reply was a general denial.

Evidence was introduced from which it might be inferred that the note in question was given by the

corporation to Shawhan in the purchase by said corporation of a portion of its capital stock from said Shawhan. There was also evidence from which it might be inferred that the note in question was executed by the corporation to pay an obligation which one Garcelon had made with said Shawhan, whereby said Garcelon became obligated to purchase from said Shawhan said stock.

On the day before the note was executed said Shawhan indorsed on the written obligation of said Garcelon whereby Garcelon was obligated to purchase such stock, the following indorsement:

"I hereby acknowledge full settlement and satisfaction of the above contract."

The secretary of the defendant corporation testified that all of the corporation's "journals and ledgers" had, while this suit was pending below, been sold by defendant to a junk dealer, and it further appeared that the pages in the "bills payable" book or "tickler" of the defendant, which contained entries relating to four or five notes given by defendant to Shawhan on January 31, 1912, had been cut out and destroyed.

The Court of Appeals in effect held that on account of the spoliation by defendant of record evidence in its possession which would have shown the true character of the transaction, the remaining evidence was such that different inferences might arise therefrom and that therefore the evidence produced presented issues of fact for the jury's determination; that the trial court, for that reason, did not err in refusing to direct a verdict for defendant.

The court in substance instructed the jury that "if the note was given by the defendant corporation, in purchase of its own stock from Geo. H. Shawhan," they should find issues for the defendant.

Instruction number 5 given at the request of plaintiff, is as follows:

"If you shall find and believe from the evidence that at any time prior to the 30th day of January,

1912, George H. Shawhan and F. B. Garcelon, on their own behalf and in good faith, entered into a written contract by the terms of which said Garcelon agreed to purchase for himself from said Shawhan 100 shares of the capital stock of the defendant corporation amounting to the par value of ten thousand dollars, and that said Garcelon had agreed to pay therefor the sum of ten thousand dollars on or before the 30th day of January, 1912; that on said 30th day of January, 1912, the said George H. Shawhan accepted the note in question in part or in full satisfaction of the agreement so entered into between said Shawhan and said Garcelon, and that in consideration thereof said contract was in fact canceled and satisfied, then your verdict should be for plaintiff.''

The jury found the issues for the plaintiff and judgment was entered by the trial court upon that verdict. Thereupon defendant duly appealed to the Kansas City Court of Appeals, which court reversed the judgment and remanded the cause on the ground that said instruction numbered 5 was erroneous.

In discussing said instruction the opinion states:

''This was erroneous and highly prejudicial. We need not pause to consider whether the defense of *ultra vires* attempted to  be pleaded in the answer is well pleaded in law, the answer not being under oath; the defense of no consideration was well pleaded and the facts hypostatized in the instruction bore directly on that issue. On the premise that defendant gave and Shawhan accepted the note in suit in satisfaction of Garcelon's obligation to buy shares of defendant's capital stock, the conclusion must necessarily follow that defendant received no valid consideration for the note and was entitled to a verdict under the plea of no consideration, since a transaction of that character could amount to nothing less than an attempted purchase by defendant of its own stock. For this error the judgment is reversed and the cause remanded.''

273 Mo.—15

I. Relatrix contends that the opinion of the Court of Appeals should be quashed, because the above quoted portion conflicts with the following previous rulings of this court, to-wit:

(a) Green v. Higham, 161 Mo. 333, l. c. 337; Strode v. St. Louis Transit Co., 197 Mo. 616, l. c. 623; City of St. Louis v. St. Louis Gaslight Co., 70 Mo. 69, l. c. 116; Carr v. Card, 34 Mo. 513, l. c. 517; Marks v. Bank of Missouri, 8 Mo. 316, l. c. 319; which cases, in effect, hold that "an inconvenience, loss or injury, or the risk of it to the party promised" is a sufficient consideration for a contract;

(b) McDearmott v. Sedgwick, 140 Mo. 172, l. c. 183; Kelerher and Little v. Henderson, 203 Mo. 498, l. c. 511; Bell v. Warehouse Co., 205 Mo. 475, l. c. 492; St. Louis Agricultural & Mech. Assn. v. Delano, 108 Mo. 217, l. c. 220; German Savings Institution v. Jacoby, 97 Mo. 617, l. c. 627; Musser v. Adler, 86 Mo. 445, l. c. 449; Moore v. Ringo, 82 Mo. 468, l. c. 473; Sybert v. Jones, 19 Mo. 86, l. c. 88; which, in effect, hold that "when the illegality does not appear from the contract itself, or from the evidence necessary to prove it but depends upon extraneous facts, the defense is new matter and must be pleaded in order to be available;" and

(c) First National Bank v. Guardian Trust Co., 187 Mo. 494, l. c. 526; Cass County v. Mercantile Town Mutual Ins. Co., 188 Mo. 1, l. c. 16; City of St. Louis v. Railway Co., 248 Mo. 10, l. c. 27; which, in effect, hold that "a corporation cannot avail itself of the defense of *ultra vires* when the contract in question has been in good faith fully performed by the other party and when it will not advance justice but on the contrary will accomplish a legal wrong."

These points will be discussed in their order.

*Point (a).* In the case at bar plaintiff's instruction five permits a recovery if the jury finds that the corporation executed the note in suit upon the consideration that Shawhan release Garcelon from his written obligation to purchase and pay for this stock. In other words, this instruction told the jury in effect that if it

found the corporation gave its note in payment of or the release of the debt of another (an act clearly *ultra vires* the corporation, Hunter v. Garanflo, 246 Mo. 131, l. c. 134-5) it should find for plaintiff.

Relatrix's position is that, since Shawhan in consideration of the execution of the note by the corporation agreed to and did release Garcelon from his obligation, such loss or surrender of rights upon the part of Shawhan was a sufficient consideration for the making of the note under the rulings mentioned above, and that therefore the opinion of the Court of Appeals holding that it was not a sufficient consideration conflicts with said rulings.

Upon a careful reading of the cases cited it does not appear that any of them deal with a situation such as we have here. In none of those cases was it either expressly or impliedly held that "a loss to the party promised" (which loss did not result to the promisor's benefit) was a sufficient consideration for an *ultra vires* contract. Nor have we been able to find where we have ever made a ruling on this exact point.         ,

In the 29 Am. & Eng. Ency. Law (2 Ed.), page 59, it is said: "Some courts maintain that the ground of a corporation's liability on *ultra vires* transactions is the acceptance and retention by it of benefits, and permit the plea of want of power where nothing has passed to the corporation, although the other party has acted to his prejudice in reliance upon the contract. *In other words, according to this doctrine the fact of disadvantage to the other party is not a sufficient consideration.*" (Italics ours.) We do not quote the above for the purpose of here undertaking to decide as to what is the correct rule in that regard, but merely to show that the case at bar presents a legal question different from the one held in judgment in the cases cited under "Point (a)" above. So far as our research has been able to discover, said legal question has not been decided to the contrary by this court. We therefore conclude that the alleged *conflict* does not exist.

*Point (b).* The cases cited by relatrix under this point have to do with the rule that new matter, *to be available as a defense* must be specifically pleaded. That rule has no bearing on the situation here. In the case at bar the instruction under review *does not permit the defendant* to recover on a defense not pleaded, but the instruction authorizes the *plaintiff* to recover on a finding of facts which upon their face show the transaction to have been *ultra vires* the corporation. The judgment of the Court of Appeals holding this instruction bad cannot therefore be said to conflict with the rule announced in the cases under "Point (b)" above, but would seem to be rather in harmony with the spirit of our previous rulings which in effect hold that a person's recovery cannot be based upon grounds which upon their face appear to be illegal. [McDearmott v. Sedgwick, 140 Mo. 172, l. c. 182-3]

*Point (c).* What we have said under "Point (a)" disposes of this point. If the holding of the Court of Appeals (e. g., that the consideration mentioned in the instruction was not a sufficient consideration for the execution of the note) be permitted to stand because not in conflict with our previous rulings, then it clearly follows that the question as to whether or not the contract had been fully performed by Shawhan necessarily drops out of the case. And that is perhaps the reason why the Court of Appeals did not discuss the principle mentioned under this point.

II. The *respondent* Shawhan Distillery Company in its brief, however, contends that portions of the opinion of the Court of Appeals, other than the portion above discussed, conflict with certain of our previous rulings and that the opinion should be quashed for that reason.

While it is unusual for both parties in *certiorari* to claim that the opinion of the Court of Appeals should be quashed on the ground of conflict, yet when this court once gets jurisdiction of the case for the purpose of determining matters of conflict we know of no rea-

son why all matters of conflict, whether they be suggested by relator, respondent or even by the court's own discovery, should not be determined. In fact we are of the opinion that all questions of conflict which may come to the court's attention by either source should be determined. We will therefore proceed to review the alleged grounds of conflict urged upon us by the respondent.

Respondent contends that the opinion of the Court of Appeals conflicts with our previous rulings in the following particulars, to-wit:

(1)   That the holding, that the trial court did not err in refusing to direct a verdict for defendant, conflicts with the rule announced in Bragg v. Metropolitan Street Railway Co., 192 Mo. 331, l. c. 354, holding "that a mere presumption may not be indulged to establish a fact when there is actual knowledge of the non-existence of the fact."

(2)   That the opinion of the Court of Appeals in holding that there was no error in excluding the evidence of the witness Morrin conflicts with our ruling in the case of Epstein v. Railway Co., 250 Mo. 1, l. c. 19; State v. Long, 257 Mo. 199, l. c. 214; Wagner v. Binder, 187 S. W. 1128. These in their order.

*Point (1).* Respondent's contention under this point is that the evidence offered by defendant, as a matter of law, destroyed the presumption that the note was given for a valid consideration, and that therefore the presumption in plaintiff's favor falling, her case likewise falls and a demurrer to the evidence should have been sustained. Whether the rule announced in the case of Bragg v. Railway Co., supra, should be given the effect claimed by counsel or whether such a rule in effect has been announced by this court in other cases, we need not here stop to consider; this, because the evidence offered by defendant was not of such character as to permit the court to say as a matter of law that the presumption above mentioned was thereby dispelled. The opinion of the Court of Appeals states that docu-

mentary evidence in the hands of the defendant corporation at the commencement of this litigation which would have left no doubt as to the real facts of the situation was destroyed by either being sold by the defendant to a junk dealer or by the destruction of certain pages in the ''bills payable'' book of the corporation while in its possession and under its control.

Upon this point the Court of Appeals reaches the conclusion that ''the failure of defendant to produce documentary evidence, which should have been extant and in its possession, to show with precision the nature of the consideration of the note in suit, leaves the evidence on that issue in a state affording support to contradictory inferences and therefore, as presenting issues of fact for the jury to determine. The court did not err in refusing to direct a verdict for defendant.''

Under the above circumstances we are unable to see wherein the opinion conflicts with any previous ruling of this court.

*Point (2).* Concerning this point it is sufficient to say that nothing is said in the opinion about witness Morrin or his competency as a witness. In determining conflict in these proceedings we will not go beyond the opinion to ascertain the facts. [State ex rel. Wahl v. Reynolds, 272 Mo. 588.]

From what has been said above it follows that the writ of *certiorari* issued herein should be quashed. It is so ordered.

*Graves, C. J., Walker* and *Faris, JJ.,* concur, *Bond* and *Blair, JJ.,* concur in the result, *Woodson, J.,* not sitting.