STATE OF MISSOURI at the relation of CHRISTLE TUNGET, Relator, v. HOPKINS B. SHAIN, EWING C. BLAND and FRANCIS H. TRIMBLE, Judges of the Kansas City Court of Appeals.—101 S. W. (2d) 1.

Division One, January 5, 1937.

*Wyman Wickersham* and *Price Wickersham* for relator.

436

*Harry L. Thomas* and *Inghram D. Hook* for respondents.

FERGUSON, C.—This is an original proceeding in this court by ·certiorari. Our writ issued to the Kansas City Court of Appeals in a case decided by the court entitled, Tunget v. Cook (Mo. App.), .84 S. W. (2d) 970, which was an action for damages for personal injuries sustained by plaintiff in a collision between an automobile in which she was riding and an automobile driven by defendant. The ·cause was tried in the Circuit Court of Jackson County and plaintiff had verdict and judgment in the amount of $4500. Upon defendant's .appeal the Kansas City Court of Appeals reversed the judgment of the trial court and remanded the cause for a new trial. Whereupon plaintiff invoked our writ of certiorari.

We make the preliminary observation that so far as the facts of the case under examination are involved we are, on certiorari, "limited to the facts" set out in the opinion of the Court of Appeals .and "we will not go beyond the opinion to ascertain the facts." [State ex rel. Himmelsbach v. Becker, 337 Mo. 341, 85 S. W. (2d) 420; State ex rel. Shawhan v. Ellison, 273 Mo. 218, 200 S. W. 1042, 1045; State ex rel. Silverforb v. Smith (Mo.), 43 S. W. (2d) 1054.] ·Quoting from the opinion, all and the only facts stated therein are as follows: "Plaintiff seeks to recover damages from the . . . defendant, for alleged injuries received in an automobile collision had with defendant's car. . . . The scene of the collision was on Van Horn Road, an east and west highway four slabs wide, between

Kansas City and Independence, at its intersection with Claremont Street, about a half mile west of the city limits of Independence. Claremont Street North is about 40 or 50 feet east of Claremont Street South. The plaintiff was driving eastwardly on Van Horn Road on October 4, 1932, about 1:30 P. M., in the second lane from the south side of the road, and defendant, appellant here, was driving west on Van Horn Road, with his car astraddle the center line of the two north slabs of Van Horn Road.''

The opinion then sets out the allegations of negligence; that plaintiff's petition charges primary negligence, in several respects therein enumerated, and negligence under the humanitarian rule. Plaintiff's instruction numbered 1 (set out in full in the opinion) submits primary negligence and authorizes a verdict for plaintiff upon a finding of the facts hypothesized therein while her instruction numbered 2 (also set out in full in the opinion) authorizes a finding for plaintiff under the humanitarian rule. Plaintiff's Instruction 1, submitting primary negligence, requires the jury to find, that as defendant's automobile ''approached and collided with the motor vehicle in which plaintiff was riding . . . defendant drove and operated his said motor vehicle at a high, excessive and dangerous rate of speed and failed and omitted to have and keep his said motor vehicle under reasonable control.'' Plaintiff's Instruction 2, submitting a violation of the humanitarian rule, requires a finding, ''that as defendant's said motor vehicle approached and collided with the said automobile in which plaintiff was riding, plaintiff was then and there in a place and position of imminent danger and peril from the approach and movement thereof and was unable to extricate herself therefrom and escape injury, if so, and that defendant knew, or by the exercise of the highest degree of care could have known that plaintiff was in such position of danger and peril in time thereafter by the exercise of the highest degree of care and without danger to himself or any person, if you so find, to have stopped his said motor vehicle and turned the same aside and could thereby have prevented said collision, if so, and injury to plaintiff, if any, and failed and omitted so to do.'' The only assignment of error made was that the trial court ''erred in giving plaintiff's instructions No. 1 and No. 2 because said instructions, respectively submitting plaintiff's case under primary negligence and the humanitarian doctrine, did so under two inconsistent and irreconcilable theories.'' That is the sole basis of the opinion. The Court of Appeals in ruling the assignment says: ''It is to be observed that for the jury to follow Instruction No. 1, the jury is permitted to find from the evidence that the defendant had not control of the car and find in plaintiff's favor on prime negligence. It is to be observed further that to follow Instruction No. 2, the jury is permitted to find from the same evidence that defendant

did have control of his car and find for plaintiff under the humanitarian rule. Thus, is presented an irreconcilable inconsistency which presents analogy to that fabled acrobatic feat of riding, at the same time, two horses going in opposite directions."

Having set out the two instructions in full and made the foregoing observation that they present "an irreconcilable inconsistency" the opinion states: "For the purposes of this case, we need but cite and quote from Elliott v. Richardson, 28 S. W. (2d) 408, 410, an opinion by the St. Louis Court of Appeals." That was an action for damages for personal injuries which plaintiff sustained in a collision between an automobile in which she was riding and defendant's automobile "occupied solely by his chauffeur Frank Roehrig." The opinion of the St. Louis Court of Appeals points out that plaintiff's "Instruction No. 2 was based upon . . . primary negligence, and predicated a verdict for plaintiff upon a finding that Roehrig drove his automobile on the wet and slippery street, at such a rate of speed that it would slide and get out of control, and could not be stopped. Instruction No. 4 was the humanitarian doctrine instruction, and hypothesized a recovery upon a finding that Roehrig could have stopped his automobile, or have slowed it down, or have changed its course, so as to have avoided the collision, but negligently failed to do so." The opinion of the St. Louis Court of Appeals then holds, and this is the excerpt from that opinion which the Kansas City Court of Appeals quotes and the principle or ruling of which it adopts in its opinion: " 'The point is that if defendant's automobile was run at such a rate of speed that it could not be stopped, as contemplated in Instruction No. 2, then in the exercise of due care it could not have been stopped in time to have avoided the collision, as submitted in Instruction No. 4. We think that under the authorities, defendant's claim of error is well founded. There is no doubt that in a case of this general character, a plaintiff may proceed upon the humanitarian doctrine, and also upon an assignment of primary negligence, such even as excessive speed, provided the two theories are not inconsistent and repugnant to each other. The converse follows, however, that the court cannot, by its instructions legally submit to the jury two separate and inconsistent theories of negligence. Here the two charges were inconsistent to the point that the one disproved the other. The case is not one where plaintiff relies merely upon excessive speed and negligence under the humanitarian doctrine. It goes far beyond that, and the court tells the jury in one breath that they may bring in a verdict for plaintiff if they find that defendant's automobile could not have been stopped, and in the next breath that they may return a verdict for her if they find that the opposite was true. This was error, as we read the authorities, materially affecting the merits of the action,

and prejudicial to defendant's rights.' [Crews v. Wilson, 312 Mo. 643, 281 S. W. 44.]''

█ In a proceeding of this kind, by certiorari, to quash the opinion and record of a Court of Appeals, the Supreme Court is concerned only with conflict in decisions. [State ex rel. American School of Osteopathy v. Daues, 322 Mo. 991, 18 S. W. (2d) 487.] The scope of our inquiry is limited to the question of conflict between the opinion of the Court of Appeals under examination and a previous controlling decision or decisions of this court "either as to a general principle" or rule of law or a ruling upon "a like or similar state of facts."' [State ex rel. Himmelsbach v. Becker,. 337 Mo. 341, 85 S. W. (2d) 420; State ex rel. Silverforb v. Smith (Mo.), 43 S. W. (2d) 1054.] If the opinion of the Court of Appeals does not declare a rule or conclusion of law or make a ruling upon a like or similar state of facts conflicting with or contravening a former controlling decision of this court our writ issued herein must be quashed (State ex rel. Fichtner v. Haid, 324 Mo. 130, 22 S. W. (2d) 1045) and the burden is upon relator to point out the previous decisions of this court which she claims are contravened or impugned by the opinion of the Court of Appeals. [State ex rel. Kansas City Theological Seminary v. Ellison (Mo.), 216 S. W. 967.].

█ The evidence, if any there was, as to speed, distance, and the manner in which the collision occurred is not set out in the opinion. We must assume that the Court of Appeals ruled the instructions in the light of evidence in the record before it and the scant statement of facts does not admit of a comparison or test of the ruling of the Court of Appeals with any previous conclusion or ruling of this court on the facts of a particular case.

█ It will be observed that plaintiff's Instruction 1, predicated a verdict for plaintiff on a general finding that as defendant's automobile "approached and collided" with the automobile in which plaintiff was riding defendant did not "have and keep" his automobile "under reasonable control," that is, that at and during that time defendant's automobile was out of control while Instruction 2, predicated a recovery upon a finding that under the same circumstances and at the same time and place, that is, "as defendant's motor vehicle approached and collided with the automobile in which plaintiff was riding," defendant had such control of the automobile that he could have timely stopped it and thereby have avoided the collision. The Court of Appeals held that the two instructions "presented an irreconcilable inconsistency."

In attempting to sustain her claim that the opinion is in conflict with previous decisions of this court relator seems in a very general way to take the position that the opinion of the Court of Appeals holds that under no circumstances can both primary negligence and negli-

gence under the humanitarian rule be submitted and that instructions making such submission are necessarily conflicting and inconsistent. Clearly the opinion does not directly or inferentially announce any such rule. On the contrary the opinion recognizes the general rules announced and applied by this court, that a plaintiff may plead several separate grounds of negligence and the petition will be immune to a motion to elect if the assignments of negligence so pleaded are consistent with each other and not so repugnant and contradictory that one destroys another and where, for instance, both primary negligence and negligence under the humanitarian rule are charged both theories may properly be submitted, by instructions, to the jury "if the evidence is sufficient to authorize the submission of both;" but that it is error for the trial court "to submit to the jury, by instructions, two separate and inconsistent theories of negligence." [Crews v. Wilson, 312 Mo. 643, 281 S. W. 44; Behen v. St. Louis Transit Co., 186 Mo. 430, 85 S. W. 346; Montague v. Mo. & Kan. Interurban Ry. Co., 305 Mo. 269, 264 S. W. 812; Beal v. Chicago, B. & Q. Railroad Co. (Mo.), 285 S. W. 482; Rawie v. C., B. & Q. Railroad Co., 310 Mo. 72, 274 S. W. 1031; White v. St. Louis & Meramec River Railroad Co., 202 Mo. 539, 101 S. W. 14; Haley v. Mo. Pac. Ry. Co., 197 Mo. 15, 93 S. W. 1120; Farrar v. Metropolitan St. Ry. Co., 249 Mo. 210, 155 S. W. 439; Williams v. St. Louis Public Service Co., 335 Mo. 335, 73 S. W. (2d) 199.]

Relator specifically asserts that the opinion of the Court of Appeals is in conflict with and contravenes the rule and decision of this court in the following cases: Sluder v. St. Louis Transit Co., 189 Mo. 107, 88 S. W. 648; Rapp v. St. Louis Transit Co., 190 Mo. 144, 88 S. W. 865; Haley v. Mo. Pac. Ry. Co., supra; White v. St. Louis & Meramec River Ry. Co., supra; Farrar v. Metropolitan St. Ry. Co., supra; Beal v. C., B. & Q. Railroad Co., supra; Montague v. M. & K. I. Co., supra; Rawie v. C., B. & Q. Railroad Co., supra; and Williams v. St. L. Pub. Serv. Co., supra. That portion of the opinion in the Sluder case which relator deems pertinent holds merely that: "There was no misjoinder in uniting the several grounds of negligence in one petition" and the opinion in the Rapp case, citing the Sluder case, holds; that where the petition charged common-law negligence and the violation of a vigilant watch ordinance as the cause of the injury it was not error, under the facts alleged, to refuse to require the plaintiff to elect on which charge he will stand, the separate allegations not being repugnant or inconsistent. The opinion of the Court of Appeals does not in any way, that we discover, contravene the decision of this court in either of these cases.

The following quotation from the opinion is the pertinent holding to which relator refers us in Haley v. Mo. Pac. Ry. Co., supra: "The petition charged the defendant was negligent in the matter of speed

and it also charged that the defendant negligently failed to stop the train in time to avoid the collision after the danger was apparent. These two charges are not necsesarily inconsistent, because they might both be true; that is, the train might have been moving at a rate of speed that under the circumstances was negligent and yet it might be that the engineer could have stopped it in time to have avoided the accident by the use of ordinary care. But the defendant would not be liable, under what we call the humanitarian doctrine, if the speed of the train was such as to render it impossible for the engineer by the exercise of ordinary care to have stopped it in time, although the speed may have been negligent. Therefore, whilst it is negligence to run a train into a place where danger of collision is to be expected at such rate of speed that it could not be quickly stopped on appearance of danger, still it cannot be said that the defendant is liable for failing to stop the train after discovering the peril if in fact the speed was such that the engineer could not stop it.'' In White v. St. Louis & Meramec River Railroad Co., supra, plaintiff's husband was killed when one of defendant's street cars struck his wagon at a street crossing. The petition alleged excessive speed or primary negligence and facts amounting to negligence under the humanitarian rule. Defendant's motion to elect was overruled. This court held that the trial court did not err ''in overruling the motion to elect'' and in that connection said: ''The averments in plaintiff's petition charging negligence . . . are not inconsistent. . . . All of them could be true at one and the same time . . . For instance, if the car had been running at eight miles an hour, deceased might have got over the track and gone safely on his way. So, too, if the car had been stopped, deceased would not have been killed. If plaintiff had pleaded that the car was negligently running so fast that it couldn't be stopped then it might be that the only real ground of complaint would be in the fast running rather than in slow stopping, and some inconsistency might creep in, if the pleader relied on both fast running and slow stopping for recovery; but no such condition exists in this case.'' An examination of the two last-mentioned cases, Haley and White, does not disclose wherein the Court of Appeals' opinion conflicts with the decision therein; rather they tend to support the opinion of the Court of Appeals in its conclusion that the instructions submitted inconsistent and contradictory theories of negligence as a basis for recovery.

In Farrar v. Metropolitan St. Ry. Co., supra, plaintiff was injured when one of defendant's street cars struck a wagon upon which she was riding. The petition charged primary negligence, in that the street car was exceeding the speed limit fixed by ordinance, and negligence under the humanitarian rule. This court said: ''There is no necessary repugnancy between the allegations'' of negligence.

"Though the speed of the car exceeded the ordinance limit yet it might well be true the motorman discovered or ought to have discovered plaintiff's peril in time to have avoided injuring her, in which event it would be the province of the jury to determine which act of negligence was the proximate cause of the injury." Montague v. Mo. & Kan. Interurban Ry. Co., was an action for damages by a husband and children for the death of the wife and mother. The action was predicated upon the statutes of Kansas. Mrs. Montague was killed when an automobile in which she was riding, as a passenger for hire, was struck by one of defendant's interurban cars at a street crossing in the city of Rosedale, Kansas. Among the charges of primary negligence were, "excessive speed under the common law" and "ordinance negligence," in that the car was run "in excess of the speed limited by the ordinances of the city;" violation of the humanitarian rule was also assigned. The instructions submitted both excessive speed and negligence under the humanitarian rule. This court after reviewing the evidence said: "There is evidence upon which the jury could have found for the plaintiff upon either of the two submitted theories of recovery" and held that, under the evidence, one theory was not "contradictory to and destructive of the other," as appellant contended, and that both were properly submitted. In Rawie v. C., B. & Q. Railroad Co., supra, plaintiff's intestate, John Cooney, was killed when a truck upon which he was riding was struck by one of defendant's switch engines at a street crossing in the city of St. Louis. The petition charged, and plaintiff's case was submitted to the jury on, two grounds of negligence. Instruction 1, submitted the case under the humanitarian rule and Instruction 2, on primary negligence, in that the engine was run at an excessive rate of speed under the circumstances. It was said: "Though the speed of the engine was excessive," under the circumstances, "that fact was not necessarily inconsistent with the existence of the fact that those in charge of the engine discovered or ought to have discovered the peril of Cooney . . . in time to have avoided injuring them (as shown by the evidence), and that being so, it was the province of the jury to determine which act of negligence was the proximate cause of the injury." The substance of that portion of the opinion in Beal v. Chicago, B. & Q. Railroad Co., supra, which is pertinent is, that where the facts in evidence show both excessive speed under the "surrounding circumstances" and "violation of the humanitarian rule," that is, under the facts both grounds of negligence exist and are consistent, both may be submitted.

The remaining case Williams v. St. Louis Public Service Co., supra, is the latest decision of this court cited by relator. In that case plaintiff's husband was killed in a collision between an automobile "which he was driving" and defendant's street car at the crossing of

a Marshall Street over the street car track in the city of St. Louis. "The petition counted on two grounds of negligence: (1) The operation of the street car at a negligent and excessive rate of speed, and (2) negligence under the humanitarian doctrine." Instruction 1 submitted the case on the humanitarian theory of negligence and Instruction 2 predicated recovery "upon a finding that the street car was operated at a negligent and excessive rate of speed." The defendant as appellant assigned as error the giving of instructions 1 and 2 on behalf of plaintiff. As to Instruction 1 (on humanitarian rule) the complaint was that there was no evidence upon which to base the instruction. It was held that "on the record presented in this court, defendant is not in position to question the sufficiency of the evidence;" that the failure of the defendant "to assign as error the overruling of the demurrer to the evidence and the refusal of the withdrawal instructions clearly indicates that defendant has abandoned the idea that no case was made for the jury;" that defendant having thus abandoned "its demurrer to the evidence presents the case here as though no demurrer to the evidence had been asked in the trial court" and having joined "with the plaintiff in submitting the case to the jury under the humanitarian rule" is now precluded from "claiming there was no evidence upon which to base plaintiff's humanitarian instruction." As to Instruction 2 submitting the case to the jury under the "primary negligence charge of excessive and negligent rate of speed" it was pointed out that "whether or not a given rate of speed up to and over a public crossing is or is not negligence depends upon the facts and circumstances in each particular case." The opinion then sets out the following facts shown by the evidence: "In this case the motorman in charge of the street car testified that it was a frequent thing for automobiles and other vehicles to pass over the crossing in question; that he knew that vehicles might be expected there at any time; that such condition had prevailed there for many years and he knew it; that he knew when the automobile turned off the concrete highway into Marshall Avenue and toward the street car track, 'there had to be something done very quick.' The evidence favorable to plaintiff tended to show that the street car was seventy-five feet from the crossing at that time, running twenty miles per hour, and could have been stopped within sixty feet; that the speed of the street car was not checked, but it continued its rate of speed of twenty miles per hour up to the point of collision. Without doubt it was the duty of the motorman, under the facts shown, to approach the crossing with the street car under control, and to operate it at such a rate of speed that it could be quickly stopped on appearance of danger. The evidence tended to show that he did not do so, and it made a case for the jury under the primary negligence charge of excessive and negligent speed." Discuss-

ing the contention that plaintiff's instructions 1 and 2 submit inconsistent theories of recovery this court said: "It was not error to submit the case under both theories if the evidence was sufficient to authorize the submission of both. (Citing cases.) Indeed, defendant does not contend otherwise. The contention is that the facts of this particular case make the two theories inconsistent. Without doubt the operation of a street car at the rate of twenty miles per hour to and over a public crossing, when the operator of the car knew that automobiles and wagons frequently passed over such crossing, and had been doing so for many years, knew that he might expect vehicles at the crossing, at any time, and knew that the deceased was in peril when the street car was yet seventy-five feet from the crossing, made the question of alleged negligent speed one of fact to be determined by a jury. The fact that the street car, going at twenty miles per hour, could have been stopped, and the collision averted after the motorman discovered deceased in a position of peril, is not inconsistent with the idea that the rate of twenty miles per hour was, under the facts shown, a negligent speed. A charge of negligence under the humanitarian rule and a charge of negligent speed are not necessarily inconsistent. They are not inconsistent in this case because the evidence shows that the street car approached the crossing at such a rate of speed that it was not under control, and the evidence also shows that the motorman could have stopped the street car before it reached the point of collision if he had acted immediately upon discovering the peril." As we view it, the gist of the case, so far as immediately pertinent here, is that if the evidence is sufficient to authorize submission of both primary negligence and negligence under the humanitarian rule both theories may properly be submitted to the jury. It in nowise departs from the well-established rule that it is error to submit to the jury contradictory and inconsistent theories of recovery.

We do not perceive how or wherein the Court of Appeals' opinion conflicts with or contravenes the holding of this court in the foregoing cases which relator has cited. It announces no principle or rule of law contrary thereto; nor can we say, upon the record to which we are confined, that it is in conflict with our ruling upon the same or a like state of facts. Our examination of these cases which relator claims have been contravened by respondent's opinion fails to disclose such conflict. It follows therefore that our writ herein was improvidently issued and should now be quashed. It is so ordered. *Hyde* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All the judges concur.