Walter L. WALLACE, Administrator of the
Estate of Doyle L. Wallace, deceased,
Appellant-Respondent,

v.

Ruth BOUNDS, Respondent-Appellant.

No. 49605.

Supreme Court of Missouri.

Division No. 2.

June 4, 1963.

Motion for Rehearing or to Transfer to
Court En Banc Denied July 8, 1963.

Sherman Landau, St. Louis, for appellant.

Evans & Dixon, John C. Shepherd and Paul V. Gilbert, St. Louis, for respondent.

BOHLING, Commissioner.

Doyle L. Wallace sued Ruth Bounds for $17,500 for personal injuries sustained on July 27, 1960, when she drove an automobile into the rear of an automobile in which he was working. He died December 6, 1960, the result of a self-inflicted gunshot wound. Walter L. Wallace, the father of and Administrator of the Estate of Doyle L. Wallace, Deceased, was substituted as party plaintiff on February 6, 1961, and as administrator filed an amended petition in two counts. Count I was an action for $50,000 damages for personal injuries sustained by said Doyle as alleged in the original petition. § 537.020. (Statutory references are to RSMo 1959, V.A.M.S.) Count II, "in the alternative," was a wrongful death action for $25,000 based upon the negligent acts alleged in Count I of the petition. § 537.-080. Plaintiff's theory under Count II appears to be that the injuries Doyle Wallace received in the accident of July 27, 1960, aggravated an existing epileptic condition and he took his life on December 6, 1960, under an irresistible impulse caused thereby. Defendant's answer to each count was a general denial. The trial resulted in a verdict and judgment for the defendant. Plaintiff contends upon his appeal that the court erred in requiring him to elect under which count he would go to the jury; in overruling his motion for a directed verdict at the close of all the evidence; in permitting defendant to inject a false issue of plaintiff's claimed incapacity to prosecute the count for wrongful death, and in giving defendant's instruction No. 2. Defendant has also appealed and questions an after-trial entry appearing in connection with the overruling of plaintiff's motion for new trial.

Plaintiff's case rests largely on the deposition of defendant, Mrs. Ruth Bounds, which he read in evidence. Mr. and Mrs. Doyle Wallace (plaintiff attacks the validity of their marriage) were living with defendant and her husband, Lonnie Bounds, in Piedmont, Missouri. Mrs. Wallace was Mrs. Bounds' niece. On July 27, 1960, a clear day, Doyle Wallace was in his Buick automobile, parked on the shoulder of the roadway (quoting plaintiff's statement) "replacing the electrical fuse which powered the blower fan for the defroster." He was on his back, with his head under the dashboard, and his feet up over the back of the

front seat. The brakes on the Bounds Buick were bad. Only the emergency brake worked. Doyle and Bounds were going to work on the brakes that afternoon. About 1:00 p. m. defendant drove their car, in response to her husband's request to move it to a shady spot, around to the front of their house and behind the Wallace car. She could not stop the car. The brakes were bad, and the front bumper of the Bounds car struck the rear bumper of the Wallace car and moved it two or three feet forward. The collision caused Doyle's legs and feet to go up over his head and out of the door of his car. After the collision the upper part of his body was in his car and the lower part, from the waist down, was out of the car and extended to a ditch alongside the shoulder. The testimony was that no damage from the collision could be seen on the Wallace car and there was only a slight dent on the bumper of the Bounds car, "no real damage." Doyle was taken to the Veterans Administration Hospital at Poplar Bluff and later that afternoon he returned to the Bounds home. This was the only record that hospital had of Doyle Wallace, and his application of said date for treatment reads, so far as material here: "Brief history. Allegedly lying on seat of a car which was struck from behind. Was thrown partially out of car. Physical, laboratory, and X-ray findings. Allegedly experiencing severe pain. No muscle spasm elicited. Small area of contusion over the back. Diagnosis, contusion of back."

Doyle Wallace served in the Marine Corps from April 20, 1956, to March 11, 1958, when he received an honorable discharge with a service-connected disability rating of thirty per cent. His medical history shows that he was well until September, 1957, when he had an epileptic attack. He had two or three additional seizures before being hospitalized. His service health record disclosed he was hospitalized July 26, 1957, when the first attack occurred. Repeated hospitalizations show a diagnosis of epilepsy, cause undetermined.

Doyle's parents lived in St. Louis, where his father was a boilermaker for the Missouri Boiler Company. Doyle returned to his parents' home after his discharge and was a helper at the said company's plant for about two years, starting in April, 1958. His employer did not know of his condition.

Doyle returned to his parents' home from Piedmont the latter part of August, 1960. Later, he went to Chicago, and on December 6, 1960, he died from a self-inflicted gunshot wound.

A medical report, dated May 26, 1960, of the St. Louis Veterans Administration office, where Doyle Wallace was under the supervision of the Neurology Division of the Mental Hygiene Clinic from December 9, 1958, through February 17, 1960, discloses he did not report for his scheduled visit of April 20, 1960. His treatment folder was later forwarded to Chicago at his request, and the report closes with: "Note—12/8/60 Death notice in Post Dispatch, St. Louis, indicated pt. died 6 Dec. 60."

The court at the close of all the evidence sustained defendant's motion to require plaintiff to elect upon which count he would submit the case. Plaintiff elected to go to the jury under Count II, the wrongful death count. He claims error, stating said counts were not inconsistent and permitted a recovery for personal injuries (Count I) or a recovery for wrongful death (Count II), but not for both. He cites Civil Rule 55.12, V.A.M.R.; State ex rel. Francesconi v. Aetna Casualty & Surety Co., Mo.App., 350 S.W.2d 418, 422; Gomillia v. Missouri Pac. R. Co., Mo., 345 S.W.2d 202, 209[4]; 71 C.J.S. Pleading § 484b n. 43.

Civil Rule 55.12 authorizes parties to plead claims or defenses in the alternative. The Rule is cited in plaintiff's State ex rel. case, supra, an action founded on contract, in connection with a quotation from Lee-Schermen Realty Co. v. Rueffel, Mo.App., 176 S.W.2d 655, 657[9], stating it is " 'settled law that a count based on an express

contract may be joined with a count based on quantum meruit. * * * And furthermore it has been held, that plaintiff cannot be compelled to elect on which count he will go to the jury.'" See also the early case of Moore v. Gaus & Sons Mfg. Co., 113 Mo. 98, 107(II), 20 S.W. 975, 976(2), and cases cited. Plaintiff in his argument also mentions American Displays v. E. T. Swiney Motors, Mo.App., 240 S.W.2d 732, 735[2], and Kaiser Alum. & Chem. Sales, Inc. v. Lingle Refrig. Co., Mo.App., 350 S.W.2d 128, 132[7]. As expressly stated in the Kaiser Alum. & Chem. Sales, Inc., case, the count on the express contract and the count in quantum meruit pleaded the same cause of action and the two theories of recovery were not inconsistent or mutually destructive. Plaintiff quotes that portion of the Gomillia case, supra, stating that a defendant is not required to elect between two defenses that are not inconsistent. (As to the differences in the situations of a plaintiff and a defendant, see Tomlin v. Alford, Mo., 351 S.W.2d 705, 710[1, 2].) His quotation from C.J.S. supra, reads: "However, in most jurisdictions it is generally held that an election will not be compelled when a plaintiff has two or more counts on which he has a single cause of action, and there is some uncertainty as to which he will be able to establish at the trial." But said authority also states in § 485: "Between Theories of Action * * * However, an election may be required where the theories presented are inconsistent"; and in § 483: *"Inconsistency.* An election may be compelled when two counts are so inconsistent that the proof of one necessarily disproves the other."

■ Civil Rule 55.12 (§ 509.110) is a rule of pleading. Our holdings are that it is error to submit inconsistent and contradictory theories of recovery. State ex rel. Tunget v. Shain, 340 Mo. 434, 101 S.W.2d 1, 3[5–8]; Dilallo v. Lynch, 340 Mo. 82, 101 S.W.2d 7, 10[3–5]; Thompson v. Gipson, Mo., 277 S.W.2d 527, 531[4, 5]; Sanders v. Carl Berry Oil Co., Mo., 359 S.W.2d 769[2].

At common law a party's action for personal injuries did not survive his death. Plaza Express Co. v. Galloway, 365 Mo. 166, 280 S.W.2d 17, 21[3], and cases cited. Also, at common law no civil action existed for wrongful death. Plaza Express Co., supra [4], case cited and Gilkeson v. Missouri Pac. Ry. Co., 222 Mo. 173, 185, 121 S.W. 138, 141, 24 L.R.A.,N.S., 844, 17 Ann.Cas. 763.

The common law has been changed by statute.

Section 537.020 provides, so far as material here: "Causes of action for personal injuries, *other than those resulting in death,* * * * shall survive to the personal representative of such injured party * * *." (Italics ours.) See Laws 1955, p. 780, amending § 537.020.

Section 537.080 provides, so far as material here: *"Whenever the death of a person shall be caused by a wrongful act,* neglect or default *of another,* * * * the person who * * * would have been liable if death had not ensued shall be liable to an action for damages * * *." (Italics ours.) See Laws 1955, p. 778, repealing and reenacting §§ 537.070, 537.080, 537.090 and 537.100. Now § 537.080 authorizes the parties therein specified in the circumstances set forth to institute an action for wrongful death. Consult also §§ 537.085–537.100.

In this action the Administrator of the Estate of Doyle L. Wallace, Deceased, is suing under both § 537.020 and § 537.080. He filed a "first amended petition," and in Count I sought a recovery under § 537.020. It has been considered that the petition of a personal representative of a decedent plaintiff should bring his claim within § 537.020 and expressly state that the injuries complained of did not result in the injured plaintiff's death. Showen v. Metropolitan St. Ry. Co., 164 Mo.App. 41, 148 S.W. 135, 137[3]; Greer v. St. Louis, I. M. & S. Ry. Co., 173 Mo.App. 276, 158 S.W. 740, 744 [6–8]; and see Adelsberger v. Sheehy, 336 Mo. 497, 79 S.W.2d 109, 111[1–3]; Long v. F. W. Woolworth Co., Mo., 159 S.W.2d 619, 622[2].

As stated in the Plaza Express Co. case, supra 1. c. 22: "Thus only by virtue of Section 537.020 may an action for personal injuries survive to the personal representative of deceased. And this action survives only if the injury to the deceased did not result in his death. Likewise, it is solely by virtue of the wrongful death statutes above that any claim or cause of action accrues to a widow or other person named in Section 537.070 [now § 537.080, supra]. [Citations omitted.]"

■ The right of a plaintiff to recover under § 537.020 or § 537.080 depends entirely upon the provisions of the statutes creating the right. Under the terms of § 537.020, which applies only to causes of action for personal injuries, other than those resulting in death, and paraphrasing the Plaza Express Company case, supra [5], at the instant of Doyle Wallace's death his claim for damages for personal injuries survived to his administrator if, but only if, said injuries *did not* result in Doyle Wallace's death; and under the terms of now § 537.-080 the claim for the wrongful death of Doyle Wallace herein sued for accrued to his administrator if, but only if, the injuries aforesaid *did* result in Doyle Wallace's death. At his death only one claim or cause of action was in existence. It was either the same claim Doyle Wallace had and sued for in his lifetime or a new claim which came into existence upon his death. Both claims could not and did not exist. The theory of one of the claims denies the theory of the other. The proof of one negates, repudiates and disproves the other. In these circumstances the claims are inconsistent and, under the authorities, a party is not entitled to go to a jury on the two claims but is put to an election. Cases supra; consult also Davis v. Hauschild, Mo., 243 S.W.2d 956, 960[6]; Carden v. Thompson, 333 Mo. 218, 62 S.W.2d 882, 889[5]; Payne v. White, Mo.App., 288 S.W.2d 6, 9[7].

The court in Allen v. Dunham, 188 Mo. App. 193, 175 S.W. 135, 137[6], considered the causes of action under now §§ 537.020 and 537.080 inconsistent, and where, by agreement, claims under said two statutes were consolidated for trial, it was further considered that the trial court properly required the plaintiff to elect which action she would submit to the jury. Consult also Plaza Express Company case, supra 25[14]. In Grand River Twp. v. Cooke Sales & Serv., Inc., Mo., 267 S.W.2d 322, 323[2], we considered a motion to require a plaintiff-purchaser to elect between inconsistent claims in one count for breach of warranty and for rescission should have been sustained. See also Otto v. Young, 227 Mo. 193, 127 S.W. 9, 18(7); Tracy v. Aldrich, Mo., 236 S.W. 347, 353[9–11]. Although not on the instant issue, Jackson v. St. Louis-S. F. Ry. Co., 357 Mo. 998, 211 S.W.2d 931, 937[4, 5], held that a plaintiff could not recover damages under both the penal and compensatory sections of the wrongful death act, but was required to elect which of the two she would submit to the jury.

Plaintiff's presentation does not establish error in his being required to elect on which count he would go to the jury.

Defendant says plaintiff failed to make a case under the wrongful death statute. We think we may as readily dispose of this review by ruling the remaining alleged trial errors, and proceed on the assumption, without so holding, that plaintiff made a submissible case.

■ Plaintiff claims the court erred in overruling his motion for a directed verdict at the close of all the evidence, refusing his instruction B and in overruling his after-trial motion to like effect. This is based on defendant's deposition establishing negligence on her part in running into the rear of the automobile in which Doyle Wallace was working and injuring him on July 27, 1960. Plaintiff elected to go to the jury on the wrongful death count of his petition. Notwithstanding the fact that defendant's deposition established negligence on her part on July 27, the jury did not

have to believe plaintiff's evidence, even if substantial, tending to establish that the injuries then received were a direct and proximate cause of Doyle Wallace's death on December 6, 1960, in Chicago, Illinois, as a result of a self-inflicted gunshot wound. We find no merit in plaintiff's said contention.

Plaintiff states the court permitted defendant to inject a false issue into the case; that is, plaintiff's claimed incapacity to sue based upon a purported marriage between Doyle Wallace and Wanda Bailey.

In connection with the medical files put in evidence by plaintiff's first witness, defendant, on cross-examination, established that said file contained a certified copy of a certificate showing that Doyle Wallace and Wanda Bailey were married in St. Clair County, Illinois, on March 24, 1959. This was without objection. Later, upon offer, the court considered the marriage certificate might tend to establish who was entitled to receive the proceeds of the litigation from the administrator. Over objection, defendant read the marriage certificate of Doyle Wallace and Wanda Bailey to the jury. Defendant's counsel, in argument, stated that the two lived together as husband and wife and were so living together at the time of the automobile accident of July 27, 1960. Plaintiff objected, stating there was "no evidence of that." There was evidence before the jury that authorized the inference of fact in counsel's statement. The widow of a decedent and certain other specified relations have prior rights over an administrator or executor under § 537.080. In this case the administrator pleaded and his verdict-directing instruction was predicated upon a finding, among others: " * * * and that at the time of his death, Doyle Wallace was unmarried, and that he was not survived by any wife or child, but that he was survived by next of kin including father, mother, brother and two sisters * * *." Defendant asked no instruction that defeated plaintiff's recovery upon a finding that Doyle Wallace and Wanda Bailey were lawfully married or that she was his lawful widow. Plaintiff had the burden of proving his case. The preponderance of the evidence may have established that the marriage aforesaid was void. But, under plaintiff's pleading and submission this issue was for the jury. We conclude plaintiff may not successfully complain of prejudicial error on these trial occurrences. See Civil Rule 83.13(b); § 512.160(2).

Plaintiff contends the following instruction was prejudicially erroneous: "The court instructs the jury that unless you find and believe from the evidence that the death of Doyle Wallace was *the* direct and proximate result of the accident of July 27, 1960, then your verdict shall be for the defendant." (Emphasis supplied.) Plaintiff's contention is that "a" should have been substituted for the italicized "the," citing Caldwell v. St. Louis Pub. Serv. Co., Mo., 275 S.W.2d 288, 292[4, 5]. In the Caldwell case there were two defendants, the jury returning a verdict against defendant St. Louis Public Service Company and a verdict in favor of defendant Beck. The trial court granted plaintiff a new trial against defendant Beck on the ground that an instruction authorizing a verdict in favor of said defendant unless the jury found that his negligence was "the direct and proximate" cause of plaintiff's injuries was erroneous in that defendant Beck's negligence could be "a" direct and proximate concurrent cause with the negligence of the other defendant in producing plaintiff's injuries. This does not rule the issue here presented.

In the case before us, the trial court did not find defendant's instruction to be erroneous and in this we think the court ruled correctly, principally because:

"Suicide, due to a mind disordered by an accident or injury or even by an assault accompanied by mental torture, has been held not so related to the wrongful acts as to furnish a ground for the action, where the act of suicide of the insane person is voluntary and done with knowledge of its purpose and physical effect; but where, as

the proximate result of the injury the person injured becomes insane and bereft of reason, and while in this condition and as a result thereof he takes his own life, his act being involuntary, the act causing the injury has been held to be the proximate cause of death." 25 C.J.S. Death § 25, p. 1094. See also Scott v. Greenville Pharmacy, Inc., 212 S.C. 485, 48 S.E.2d 324, 11 A.L.R.2d 745; Annotation, 11 A.L.R.2d 751, 757; Tate v. Canonica, 180 Cal.App.2d 898, 913, 914, and 915[5], 5 Cal.Rptr. 28; Orcutt v. Spokane County, 58 Wash.2d 846, 364 P.2d 1102[1]; Arsnow v. Red Top Cab Co., 159 Wash. 137, 292 P. 436[3]; 2 Restatement, Torts, § 455 (comment a, b, d); Prosser, The Law of Torts, 2d ed., § 49, pp. 273, 274; 16 Am. Jur., Death, § 81

Under the above authorities, plaintiff's presentation does not establish error in the instruction and his contention is overruled.

■ Of defendant's appeal. The order overruling plaintiff's after-trial motion for new trial reads: "Plaintiff's motion for judgment or new trial overruled as to Count 2. No ruling as to Count One since that count has not been tried." Under the record before us the last sentence of this order was an inadvertent oversight on the part of the trial court. Plaintiff went to trial on both counts of his first amended petition. At no time did he dismiss as to Count I. His insistence in the trial court and in this court that he should have been allowed to instruct on Count I and Count II in the alternative shows that he tried both counts. The court must have considered both counts had been tried when he required plaintiff to elect on which count he would go to the jury. Plaintiff's contention on appeal that the court erred in requiring him to elect which count he would submit is consistent with his having tried Count I. We have ruled an election between the inconsistent theories of recovery was proper. In making his election plaintiff went forward with Count II and abandoned Count I. The last sentence of the order overruling plain-

tiff's after-trial motion should be deleted therefrom. It is so ordered.

The judgment is affirmed and the cause is remanded with directions to delete the above-mentioned sentence in the order overruling plaintiff's motion for new trial.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All of the Judges concur.