George DAMEREL, Administrator of the Estate of Myrtle Damerel, Deceased, Plaintiff-Respondent,

v.

SABINA REALTY CORPORATION, Defendant-Appellant.

No. WD 30689.

Missouri Court of Appeals, Western District.

Aug. 4, 1980.

John L. Hayob, Niewald, Risjord & Waldeck, Kansas City, for defendant-appellant.

Sloan R. Wilson, Philip H. Schwarz, McMullin, Wilson & Schwarz, Kansas City, for plaintiff-respondent.

Before WASSERSTROM, C. J., Presiding, and PRITCHARD and KENNEDY, JJ.

WASSERSTROM, Chief Judge.

By jury verdict, the plaintiff administrator received an award of $10,000 for personal injuries suffered by Myrtle Damerel during her lifetime. Defendant appeals. We affirm.

On October 7, 1977, Myrtle stumbled over an obstruction and fell in the hallway of a building where she occupied an apartment and which was maintained by defendant. Prior to this accident, Myrtle was spry and got along well on her own, although she was then 89 years of age and blind in one eye. Immediately after the accident, she was admitted to St. Luke's Hospital where she underwent surgery to the left hip.

Following the surgery she received physical therapy and in early November was transferred to the Charlotte Extended Care Facility for further physical therapy. She was released from the latter facility on December 19, 1977.

On February 28, 1978, Myrtle was readmitted to St. Luke's Hospital for congestive heart failure. Examination at that time disclosed that the left leg had become ulcerated. She remained in St. Luke's on this second admission until March 8, 1978, and then entered Oak Grove Health Care Center on March 18, 1978. At the time of that

admission she was suffering from heart and kidney problems and arteriosclerosis and the ulcerations on her left leg were oozing and weeping. She was released from Oak Grove on September 10, 1978, but died September 18, 1978. Her death certificate showed the immediate cause of death was cerebral hypoxia as a consequence of pulmonary edema and congestive heart.

Defendant makes two points on appeal: (1) that the trial court erred in overruling its motion for a directed verdict, because plaintiff failed to allege and prove that Myrtle's death did not result from the injuries suffered in the accident of October 7, 1977; and (2) that the element just mentioned was not covered by the verdict-directing instruction. These points, which essentially present a single contention, require reference to the statutory provisions which permit suit after the death of an injured person.

Section 537.020, RSMo 1978, permits survivorship of a cause of action to the personal representative of the person injured, provided that death did not result from the injury. If death did result, then a cause of action for wrongful death is provided by Section 537.080 in favor of certain specified kin, or if there be none such then to a personal representative. These causes of action are mutually exclusive. Ordinarily if an administrator sues under Section 537.020, he must allege and prove that death did not result from the injury. *Harris v. Goggins*, 374 S.W.2d 6 (Mo. banc 1964); *Wallace v. Bounds*, 369 S.W.2d 138 (Mo.1963); *Plaza Express Company v. Galloway*, 280 S.W.2d 17 (Mo. banc 1955). It is upon generalized statements of that rule contained in the cases just cited that defendant relies in the present case.

However, whether such allegation and proof are necessary depends upon the particular facts of each case. *Long v. F. W. Woolworth Co.*, 159 S.W.2d 619 (Mo.1942). In the latter case, the administrator did not allege or prove that death did not result from the injury. The administrator received a judgment, but the Kansas City Court of Appeals reversed because the peti-

tion "did not affirmatively allege that plaintiff's decedent did not die as a result of her alleged injuries." On certification to the Supreme Court, that court reversed the court of appeals and sustained the judgment, holding that the allegation and proof in question were unnecessary because the cause of death had not been a real issue in the case. After referring to the general rule requiring the personal representative to make such allegations and proof, the Supreme Court went on as follows:

"There is and can be no question about the general rules with reference to the survival and abatement of actions announced by these cases and we do not believe it necessary to review them now. The cases do not, however, lay down a hard and fast rule inexorably applicable in all events to every instance of the injured party's death and the continuance of his cause of action in the name of his personal representative. On the contrary, every one of the cases was decided by applying the statute to the particular facts and circumstances of each case as it came before the court. . . .

\* \* \* \* \* \*

"This case demonstrates that the rule is not a fixed, definite formula applicable in any circumstance to every action for personal injuries continued by one's personal representative under the survival statute. Each case must be determined on its facts and if it clearly appears that the action was in fact a continuation of the suit as originally instituted and that the plaintiff's death was not due to the negligence and injuries complained of and there was and could be no issue as to the fact it is not necessary to plead and prove it. . . ."

The circumstances of this case bring it within the *Long* rule. First to be noted is the fact that the original petition and the first amended petition were both filed by Myrtle herself during her lifetime. After her death and the substitution of her administrator as plaintiff, the administrator made no amendment in the petition whatso-

ever.[1] As a result, the petition makes no reference to the death of Myrtle Damerel, and the petition describes and seeks damages solely for the personal injuries, physical pain and mental anguish suffered by her.

Next to be noted is that the proof of damages was directed solely to the nature and extent of Myrtle's personal injuries. Important in that regard is the fact that the evidence showed Myrtle made a relatively good recovery from the broken hip; so much so that defendant's counsel in his opening statement accurately forecast the medical evidence as follows: "The medical evidence in the case will be that Mrs. Damerel had a good result from the treatment and from the surgery and made rapid progress with the use of a walker while in the hospital and all in all she did make a good recovery from the surgery and from the injuries." Consistent with that evidence, the death certificate showed that the cause of death was heart failure and made no mention of the October 1977 accident.

■ Most telling of all, defendant successfully objected to the introduction of the hospital records relating to the second hospital admission on February 28, 1978, the objection being "on the basis there is no cause or connection in the record relating this [second] hospitalization with the injury that is the subject of this lawsuit." That objection and the ruling of the trial court sustaining it demonstrate that there was no contention or belief at trial that there was any causal relationship between the accident and the death. Upon the whole record there was no issue as to whether Myrtle's death was caused by the accident, and therefore no pleading, proof or instruction was required as to that non-issue.

The three cases cited and relied upon by defendant are not to the contrary. In *Harris v. Goggins, supra,* an administrator asked damages for personal injuries to the decedent. The defendant sought to have the action barred because of a prior settlement of a wrongful death action asserted by the surviving spouse. Because of that situation, it became essential to the administrator's right to show that the personal injuries to the decedent had not resulted in death, and the opinion in *Harris* must be read in the context of those facts.

In *Wallace v. Bounds, supra,* the administrator sought to recover on a theory of survivorship of action in one count and for wrongful death in a separate count. Because the two alleged causes of action were inconsistent, the court properly insisted upon proof as to whether the personal injuries did or did not result in death. It is interesting to note that the *Wallace* opinion cites *Long* as consistent with the result reached in *Wallace.*

Finally, in *Plaza Express Company v. Galloway, supra,* the defendant was faced with two different lawsuits, one based on survival of a personal injury action, and the other premised on wrongful death. The defendant filed an interpleader suit in order to be protected against double recovery. The court simply held that under these facts, the cause of death had to be determined so as to decide which of the two inconsistent causes of action was proper.

Defendant's objections were properly rejected by the trial court, and the judgment is therefore affirmed.

All concur.

---

1. He did not even amend the petition to the extent of showing himself as the substituted plaintiff. This lack of formal amendment led the notice of appeal to be styled in the original form showing Myrtle Damerel as plaintiff-respondent, and the transcript and briefs in this court have continued to show that caption. This court has itself amended the caption sua sponte to reflect the true party plaintiff-respondent occasioned by the substitution in the trial court.