**Dorothy Elizabeth REYNOLDS, and Dorothy Elizabeth Reynolds, Personal Representative of the Estate of James O. Reynolds, Deceased, Plaintiffs–Appellants,**

v.

**GROVE PROFESSIONAL PHARMACY, INC., Defendant–Respondent.**

**No. 17991.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 9, 1993.

William W. Francis, Jr., Mathew W. Placzek, Springfield, for plaintiffs-appellants.

Stephen H. Snead, Mann, Walter, Burkart, Weathers & Walter, Springfield, for defendant-respondent.

PREWITT, Judge.

Plaintiff Dorothy Elizabeth Reynolds, as Personal Representative of the Estate of James O. Reynolds, received a jury verdict in her favor for $13,500 for economic damages and $125,000 for non-economic damages. The jury also rendered a verdict in favor of plaintiff Dorothy Elizabeth Reynolds, individually, as decedent's wife, in the amount of $100,000 for non-economic damages.

Following the verdict defendant filed a motion for judgment notwithstanding the verdict, contending that plaintiffs failed to allege and prove that the injuries received by the decedent did not result in his death. The trial court sustained defendant's motion for judgment notwithstanding the verdict, and entered judgment for defendant.

On August 10, 1989, defendant dispensed and sold medication to James O. Reynolds which should have been "Cordarone", but was "Corgard". After taking the medicine he suffered from physical problems apparently caused by it. James O. Reynolds died on April 4, 1990. This action commenced thereafter.

At common law, actions based on tort could not be maintained following the death of either party. *State ex rel. Thomas v. Daues*, 314 Mo. 13, 283 S.W. 51, 56 (Mo. banc 1926). By the enactment of § 537.020, RSMo 1986 and its predecessors, this Rule no longer applies in Missouri. Section 537.020 states in part:

1. Causes of action for personal injuries, other than those resulting in death, whether such injuries be to the health or to the person of the injured party, shall not abate by reason of his death, nor by reason of the death of the person against whom such cause of action shall have accrued; but in case of the death of either or both such parties, such cause of action shall survive to the personal representative of such injured party, and against the person, receiver or corporation liable for such injuries and his legal representatives, and the liability and the measure of damages shall be the same as if such death or deaths had not occurred.

Under this statute it has been stated that one bringing such an action should allege and prove that death did not result from the injury. *See Harris v. Goggins*, 374 S.W.2d 6, 12 (Mo. banc 1963); *Plaza Express Co. v. Galloway*, 365 Mo. 166, 280 S.W.2d 17, 22 (banc 1955).

Plaintiffs contend that there are some exceptions to the requirement of pleading and proving that death did not result from the injury, citing *Long v. F.W. Woolworth Co.*, 159 S.W.2d 619 (Mo.1942); *Jordan v. St. Joseph Ry., Light, Heat & Power Co.*, 335 Mo. 319, 73 S.W.2d 205 (1934); *Damerel v. Sabina Realty Corp.*, 603 S.W.2d 96 (Mo.App.1980). However, it is not necessary for us to decide whether those cases excuse plaintiffs from the requirements noted in *Harris* and *Plaza Express.*

Plaintiffs also contend, and we agree, that under Rule 55.33(b) the pleadings were amended to reflect the deficiency questioned in plaintiffs' petition. Rule 55.33(b) states in part:

**(b) Amendments to Conform to the Evidence.** When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

It has been noted that amendments pursuant to Rule 55.33(b) "are quite usual" during trial. *Willett v. Reorganized Sch. Dist. No. 2*, 602 S.W.2d 44, 53 (Mo.App. 1980). However, before evidence submitted without objection will give rise to an amendment, "such evidence must bear only on that issue and not be relevant to an issue already in the case." *Smith v. Heisserer*, 609 S.W.2d 485, 486 (Mo.App.1980). *See also Gee v. Gee*, 605 S.W.2d 815, 817 (Mo.App.1980).

■ Issues raised by implied consent are treated as if raised by the pleadings even though the pleadings are not formally amended to conform to the evidence. *Arnett v. Venters*, 673 S.W.2d 67, 72 (Mo. App.1984).

■ A medical doctor testified that James O. Reynolds' death did not "have anything to do with this mistaken medication". Another doctor testified that Corgard was a "contributing cause" to his death. Both testified without objection. Defendant does not suggest that evidence of what caused the death would have been relative to plaintiffs' cause of action as plead.

A similar situation occurred in *Harris*. There, the petition did not allege that the decedent did not die as a result of the injuries, however two physicians testified without objection regarding the cause of death. The supreme court found that plaintiff's petition should be considered as being amended regarding the cause of decedent's death, stating "the cases have consistently held that failure to object to testimony on an issue not pleaded will warrant an inference that the issue is being tried with the implied consent of the parties and the issue is thereafter treated as if it had

been raised in the pleadings." 374 S.W.2d at 12.

Under Rule 55.33(b) this court determines that plaintiffs' petition must be treated as alleging that death did not result from the injuries caused by the improper medication. There was evidence supporting it.

The judgment is reversed and the cause remanded to the trial court with directions that it enter judgment in accordance with the jury verdict.

MONTGOMERY, P.J., concurs.

FLANIGAN, J., concurs in the result in separate opinion filed.

FLANIGAN, Judge, concurring in the result.

I concur in the result.

Defendant's motion for judgment notwithstanding the verdict, which the trial court erroneously sustained, was based on this ground: "There is no allegation herein, and no proof was adduced at trial, direct or circumstantial, that the injuries for which recovery was sought did not result in Dr. Reynolds' death."

On the morning of the trial, plaintiff Dorothy Elizabeth Reynolds voluntarily dismissed Counts I and II of the second amended petition, and the case proceeded to trial on Counts III, IV and V. The dismissed counts, I and II, were alternative statements of a wrongful death action asserted by plaintiff Dorothy Elizabeth Reynolds. Among the allegations in the dismissed counts was the allegation that on or about April 4, 1990, James O. Reynolds died, "and the defendant's dispensing 'Corgard' to him caused or contributed to cause his death."

Section 537.020 reads, in pertinent part:

1. *Causes of action for personal injuries, other than those resulting in death,* whether such injuries be to the health or to the person of the injured party, shall not abate by reason of his death, nor by reason of the death of the person against whom such cause of action shall have accrued; but in case of the death of either or both such parties, *such cause of action shall survive to the personal representative of such injured party,* and against the person, receiver or corporation liable for such injuries and his legal representatives, *and the liability and the measure of damages shall be the same as if such death or deaths had not occurred.* (Emphasis added.)

Three days prior to the commencement of the trial and the dismissal of Counts I and II, the "plaintiffs" and the defendant filed a document entitled "Admissions or Stipulations for Trial." That document reads, in pertinent part:

1. On or about August 10, 1989, Grove Professional Pharmacy sold to James O. Reynolds medication represented to be "Cordarone" in the ordinary course of defendant's business.

2. The medication represented to be "Cordarone" was taken by James O. Reynolds and was in fact "Corgard."

3. That the sale of "Corgard" to James O. Reynolds by defendants was a mistake.

4. That at the time of his death, James O. Reynolds held a cause of action against Grove Pharmacy *which survived to his personal representative, Dorothy Elizabeth Reynolds.* (Emphasis added.)

During the trial, plaintiffs' counsel asked Sherri Grove, a registered pharmacist and an officer of the defendant, whether the prescription was filled with Cordarone. The witness answered that it was not and that it was filled with Corgard. At that point, the following occurred:

[Defense Counsel]: If I may, Judge, Mr. Placzek well knows that none of this is at issue. The fact that the prescription was mistakenly filled has been admitted to the jury *in the form of a stipulation, and it's simply not an issue in the trial.*

The Court: Is there an objection?

[Defense Counsel]: Yeah. I object to the entire line of inquiry. I think we're wasting time, Judge.

The Court: Be overruled. You should answer. (Emphasis added.)

By paragraph 4 of the stipulation, the parties agreed that the cause of action of James O. Reynolds survived to his personal representative. The cause of action for personal injuries could not survive to the personal representative unless it was a cause of action for personal injuries "other than those resulting in death." By the stipulation, the parties agreed that the injuries of James O. Reynolds, which were sued for in Count III and Count IV which proceeded to trial, were personal injuries other than those resulting in death.

The stipulation cured the deficiencies claimed in defendant's motion for judgment notwithstanding the verdict.