Arthur **COOK**, Plaintiff/Respondent,

v.

Thomas **HOLCOMB**,
Defendant/Appellant.

No. 61804.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 1, 1993.

John J. Donnelly, Jr., Robert Joseph Radice, St. Louis, for defendant/appellant.

Russell F. Watters, Dale M. Weppner, St. Louis, for plaintiff/respondent.

CRAHAN, Judge.

Defendant Thomas Holcomb ("Father") appeals from an adverse judgment for $25,000 entered pursuant to a jury verdict in a suit filed by Arthur Cook ("Plaintiff") against Father and his minor son Peter ("Son") for personal injuries sustained in an automobile collision. There was conflicting evidence as to whether Father or Son was operating Father's car at the time of the collision. Over Defendants' objection, Plaintiff's claim was submitted to the jury in three counts, asserting (I) negligence by Father in operating the automobile; (II) negligence by Son for operating the automobile; and (III) negligence by Father in entrusting his automobile to his thirteen year-old son. Father counterclaimed for damages to his automobile. The jury found Father liable on Count I positing Father's negligent operation of his automobile and against Father on his counterclaim. On appeal, Father asserts error in the trial court's refusal to require Plaintiff to elect among inconsistent theories of recovery with respect to who was operating Father's vehicle at the time of the accident. Father also asserts that the verdict was so excessive as to constitute bias, prejudice and misconduct on the part of the jury. We affirm.

The accident in question occurred in the afternoon of November 8, 1987 in the southbound lanes of Interstate 55 in the City of St. Louis. The area where the accident occurred was under construction, although no construction activities were underway on the date of the accident and three lanes were open to southbound traffic. Father's car was attempting to pass

Plaintiff's tractor-trailer truck on the right-hand side when the vehicles came into contact, causing the truck to jackknife and the automobile to spin around, coming to rest against the construction barricades and facing in a northerly direction. During Plaintiff's case, an eyewitness testified that Son was driving the vehicle and that the car left its lane of traffic and hit the truck in the area of its tandem wheels. Plaintiff testified that he did not know who was driving the car. Son testified that Father was driving the car. Father testified for defendants that he was driving the car.

Over defendants' objection that Plaintiff "should be forced to elect on which theory he is going to be submitting the case and not give the jury two ways," Plaintiff was permitted to submit three verdict directing instructions (Nos. 10, 11 and 12), accompanied by three separate and corresponding verdict forms (denominated as A, B and C).[1] Instruction No. 10, based on MAI 37.01, modified in accordance with MAI 17.02 and 17.10, was as follows:

### INSTRUCTION NO. 10

In your verdict you must assess a percentage of fault to defendant Thomas Holcomb, if you believe:

First, either:

defendant Thomas Holcomb moved his vehicle from his lane of traffic when it was not safe to do so, or defendant Thomas Holcomb drove at an excessive speed, or

defendant Thomas Holcomb passed the plaintiff's vehicle on the right, and

Second, defendant Thomas Holcomb in any one or more of the respects submitted in paragraph First, was thereby negligent, and

Third, as a direct result of such negligence, plaintiff sustained damage.

Instruction No. 11 was identical to Instruction No. 10 except that the name of "Peter Holcomb" was substituted for Thomas Holcomb.

Instruction No. 12, a Not–in–MAI instruction based on *Thomasson v. Winsett*, 310 S.W.2d 33 (Mo.App.1958), charged the jury:

### INSTRUCTION NO. 12

In your verdict you must assess a percentage of fault to defendant Thomas Holcomb, if you believe:

First, defendant Thomas Holcomb knowingly permitted his child Peter Holcomb to operate a motor vehicle upon the highway at the age of 13 years, and

Second, either:

defendant Peter Holcomb moved his vehicle from his lane of traffic when it was not safe to do so, or defendant Peter Holcomb drove at an excessive speed, or defendant Peter Holcomb passed the plaintiff's vehicle on the right, and

Third, defendant Peter Holcomb, in any one or more of the respects submitted in paragraph Second, was thereby negligent, and

Fourth, that the conduct of defendant Thomas Holcomb combined with the negligence of defendant Peter Holcomb to directly result in plaintiff sustaining damage.

Father maintains that these instructions erroneously permitted Plaintiff to submit alternative theories of negligence against both defendants which were completely inconsistent, contradictory and repugnant to one another. According to Father, the instructions requested the jury to find that Father negligently operated his motor vehicle *and, at the same time*, entrusted the same automobile to his minor son. Inasmuch as proof that Father was driving necessarily negates proof that he negligently entrusted the same automobile to his son, Father maintains that the theories are factually and theoretically inconsistent and that it was error to submit both to the jury. According to Father, the trial court erred in its refusal to require Plaintiff to

---

**1.** Father does not challenge the sufficiency of the evidence to support any or all of the instructions given or the form of any individual instruction. Accordingly, we express no opinion thereon.

elect which theory of negligence should be submitted to the jury.

Father concedes, however, that Plaintiff did not actually receive a verdict based upon inconsistent and conflicting theories. The jury found that Father was driving and that his negligence caused Plaintiff's injuries. Although the separate verdict forms utilized to distinguish among the different counts have not been included in the record on appeal, there is no suggestion that the jury's verdict was susceptible of any other construction. Further, although nothing in the instructions themselves addresses the alternative nature of the theories presented, Father did not dispute Plaintiff's representation at oral argument that the disjunctive nature of the submissions was explained in detail in the parties' closing arguments.

The question presented in this appeal may thus be stated as whether, as a matter of law, it is reversible error to permit a plaintiff to submit instructions which hypothesize different and mutually exclusive courses of conduct by the defendant, both of which are supported by the evidence and either of which could constitute a basis for recovery. Under the circumstances presented in this case, we conclude that it is not.

As Father points out in his brief, there is language in the reported cases which, taken literally, would appear to require an election. Upon closer examination, however, we find such cases to be factually distinguishable from the situation presented here.

■ Most readily distinguishable are cases which address the unrelated doctrine of "election of remedies." *See, e.g., Davis v. Hauschild,* 243 S.W.2d 956, 960 (Mo. 1951); *State ex rel. Hilleary and Partners, Ltd. v. Kelly,* 448 S.W.2d 926, 931 (Mo.App.1969). As the Missouri Supreme Court has recently reaffirmed, the "election of remedies" doctrine is designed to prevent double recovery and only comes into play where a party has pursued an inconsistent *remedy* to *final judgment. Whittom v. Alexander–Richardson Partnership,* 851 S.W.2d 504 (Mo. banc 1993), 851 S.W.2d at 506–507. In contrast, the doctrine requiring election between inconsistent theories of recovery is said to require election *prior to submission* to the trier of fact where two counts are so inconsistent that the proof of one necessarily negates, repudiates and disproves the other.[2] *Id.,* citing *Wallace v. Bounds,* 369 S.W.2d 138, 141 (Mo.1963). Such determination is heavily dependent upon the facts of the case. *Id.*

■ Our examination of the cases cited in *Whittom* and in Father's brief as representative of the doctrine of election between inconsistent theories reveals certain distinctive factual patterns which have been recognized as necessitating an election by the plaintiff prior to submission to the jury. By far the most common such situation has been where the plaintiff sought to submit both general and humanitarian negligence. *Crews v. Wilson,* 312 Mo. 643, 281 S.W. 44 (1926), discussed in *Whittom,* typifies the genre. In *Crews,* plaintiffs asserted error in the refusal of their proposed instruction asserting a motorman's negligence in operating a streetcar without having the car under control (general negligence) on the ground that the submission was inconsistent with another instruction requested by the plaintiffs and given by the court submitting humanitarian negligence in failing to stop the car when the motorman knew or should have known of the decedent's position of imminent peril. The court held that the general negligence instruction was properly refused on the ground that if the car was not under control as hypothesized in the general negligence instruction, the motorman could not in the exercise of ordinary care have stopped the car in time to have saved the life of the decedent as hypothesized in the humanitarian negligence instruction. *See also State ex rel. Tunget v. Shain,* 340 Mo. 434, 101 S.W.2d 1, 3 (1936) (same); *Thomp-*

---

**2.** Although we find this doctrine inapplicable to the instant case, we note that it has been the subject of scholarly criticism. *See* Comment, *Missouri Pleadings And Instructions Based On Inconsistent Theories,* 45 Mo.L.Rev. 727 (1980).

son v. Gipson, 277 S.W.2d 527, 531 (Mo. 1955) (same); Elliott v. Richardson, 28 S.W.2d 408, 410 (Mo.1930) (same); Fisher v. Ozark Milk Service, 356 Mo. 95, 201 S.W.2d 305, 308–09 (Mo.1947) (inconsistent hypothesis of defective brakes and failure to stop). Cf. Hampton v. Cantrell, 464 S.W.2d 744, 747–48 (Mo.App.1971) (verdict director hypothesizing defective brakes and violation of stop sign not inconsistent); Hillis v. Home Owners' Loan Corp., 348 Mo. 601, 154 S.W.2d 761, 765 (Mo.1941) (submission of excessive speed/failure to slacken speed not inconsistent); Mahan v. Baile, 358 Mo. 625, 216 S.W.2d 92, 95–96 (Mo. 1948) (submission of excessive speed and failure to slacken speed [humanitarian] not inconsistent).

These cases are distinguishable from the instant case on several grounds. Each of the cases which required an election involved a submission of humanitarian negligence coupled with a conflicting submission of primary negligence. So far as is disclosed in the opinions, none involved submission in separate or alternative counts. In addition, it appears that in each instance the plaintiff was seeking to have the jury draw diametrically opposite inferences from a single set of facts. Similarly, in Wallace v. Bounds, supra, the plaintiff was required to elect which statutory cause of action, personal injury or wrongful death, would be submitted to the jury where the evidence proffered to support both theories was the same and the causes of action were mutually exclusive.

In contrast, where there is independent and conflicting evidence to support either of two factual scenarios which would make a submissible case or defense but could not both be true, the cases have routinely approved submission of both theories in the disjunctive. In Piggs v. Bridges, 352 S.W.2d 28 (Mo. banc 1961), for example, the court affirmed the grant of a new trial in an action for personal injuries resulting from a fall down a dimly lit flight of stairs because of the defendant's submission of a

contributory negligence instruction which submitted that the plaintiff could have discovered the stairway and at the same time he could not have discovered the stairway. Although the conjunctive submission of the contradictory findings was deemed error, the court noted that there was evidence to support each hypothesis and held that defendants would be entitled to submit them in the disjunctive upon retrial. 352 S.W.2d at 31. See also Sanders v. Carl Berry Oil Co., 359 S.W.2d 769, 771–72 (Mo.1962).

In Alfultis v. Bi–State Development Agency, 439 S.W.2d 206 (Mo.App.1969), a bus passenger injured in a collision presented testimony from both the driver of the car and the driver of the bus, each of whom claimed to have had the green light. The case was submitted to the jury on the theory that each defendant violated the traffic signal through verdict directing instructions that were identical except for the name of the defendant. A jury verdict against both defendants was reversed on the ground that both could not have entered the intersection against the red light. The court noted, however, that the plaintiff would be permitted to resubmit the same issue on retrial provided the jury was instructed that it could not return a verdict against both defendants for violating the red light. 439 S.W.2d at 208, 209 (citing Levin v. Caldwell, 285 S.W.2d 655, 660 (Mo.1956)).

The parties have not cited a case involving a dispute over the identity of the driver involved in a collision but our research discloses that the issue was considered in Anderson v. Northrop, 96 S.W.2d 521 (Mo. App.1936). There, as here, there was conflicting evidence as to whether the defendant father or defendant son was driving the car and the plaintiff professed not to know who was driving. The court found no error in submitting separate instructions hypothesizing each defendant was the driver of the car.[3] 96 S.W.2d at 525.

Here, Father concedes that Plaintiff presented conflicting evidence sufficient to

---

3. A verdict in favor of plaintiff was reversed due to error in the contributory negligence instruc-

tion. 96 S.W.2d at 526.

support a finding that either Father or Son was driving the car and made a submissible case against him under either scenario. As the foregoing cases recognize, the resolution of such factual conflicts is part and parcel of the jury's function. Thus we find no error in the trial court's refusal to require Plaintiff to elect which factual scenario would be submitted to the jury. Although the claims in this case were apparently submitted without any express instruction as to the disjunctive nature of the theories submitted, Father did not object to the instructions on this basis. The claims were submitted in separate counts and accompanied by separate verdict directors and Father concedes that there was nothing inconsistent about the jury's verdict. Indeed, in view of the fact that the jury accepted Father's version with respect to who was driving the car, it is difficult to conceive how the form of the submission, if erroneous, could be said to have resulted in any prejudice.

■ Father's final point relied on states in its entirety:

"THE JURY'S VERDICT FOR THE PLAINTIFF WAS SO EXCESSIVE AS TO CONSTITUTE BIAS, PREJUDICE AND MISCONDUCT ON THE PART OF THE JURY."

This point preserves nothing for review. It does not assert error in any ruling of the trial court and does not state "wherein and why" any ruling resulted in prejudicial error. *See* Rule 84.04(d); *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978).

Judgment affirmed.

CARL R. GAERTNER, P.J., and CRANE, J., concur.