In re the ESTATE OF Emma DALY,
Sherry Bradley, Personal
Representative,

and

Frances MARSH, Individually and for the
use and Benefit of all those entitled
to bring action, Appellants,

v.

HILL HAVEN CORPORATION, d/b/a
Columbia House Healthcare,
Respondent.

No. WD 50019.

Missouri Court of Appeals,
Western District.

Aug. 29, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 3, 1995.

Marvin Tofle, Columbia, for appellants.

Michael Andrew Dallmeyer, Jefferson City, for respondent.

Before KENNEDY, P.J., and SMART and LAURA DENVIR STITH, JJ.

LAURA DENVIR STITH, Judge.

Plaintiffs–Appellants Sherry Bradley and Frances Marsh, the personal representative and heirs of the deceased Emma Daly, appeal the trial court's dismissal of their survival action against defendant Hill Haven Corporation. Plaintiffs contend that the trial court erred in requiring them to elect between submission of a survival claim and submission of a wrongful death claim pursuant to the doctrine requiring an election between inconsistent theories. They submitted the wrongful death claim and the jury returned a verdict for Defendant.

Plaintiffs contend however that the doctrine of election between inconsistent theories did not apply where, as here, the case involved two separate Plaintiffs, one of whom had a right to bring the wrongful death action, and the other of whom separately had a right to bring the survival action. Each Plaintiff only sought to submit the single theory applicable to her, and thus no election was necessary or could be required. Plaintiffs also allege error in the trial court's refusal to admit into evidence Defendant's answers to Interrogatory No. 13 as an admission against interest.

The judgment of the trial court dismissing the survival claim is reversed on the grounds stated by Plaintiffs. The trial court's refusal

to admit Defendant's answer to Interrogatory No. 13 was not error, and the judgment for Defendant on the wrongful death claim is affirmed.

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

Defendant–Respondent Hill Haven Corporation ("Hill Haven") owns and operates Columbia House Healthcare ("Columbia House"), a long-term nursing home facility in Columbia, Missouri. Ms. Emma Daly became a resident of Columbia House in 1978. This case arises out of an accident which occurred on May 1, 1989, in which Emma Daly was injured while being transported by Columbia House from a doctor's appointment back to the nursing home.

As of May 1, 1989, Ms. Daly suffered from congestive heart failure and Parkinson's disease. She had been confined to a wheelchair since approximately 1980–81 when she fell and broke her hip. However, she was not in any acute pain and did not complain of discomfort. She was alert, good company and often visited with friends and family.

As part of its services, Columbia House provided transportation for Ms. Daly in a van driven by Hill Haven employee Murray Tripp that was especially equipped to transport persons in wheelchairs. Mr. Tripp did not have any special training for operating the van or securing wheelchairs.

On May 1, 1989, Mr. Tripp assisted Ms. Daly into the van following a doctor's appointment. Mr. Tripp failed to secure Ms. Daly's wheelchair. When he stopped the van at a stop sign, Ms. Daly's wheelchair rolled forward and Ms. Daly was thrown into the engine cover of the van, causing a laceration to her scalp.

Ms. Daly was immediately rushed to Columbia Regional Hospital where she was admitted. Although Ms. Daly's scalp injury healed well, her clinical condition slowly deteriorated. Ms. Daly's congestive heart failure worsened, and she developed clinical pneumonia and rapid degeneration of a chronic neurological disease. She subsequently developed progressive renal failure.

Ms. Daly also suffered an acute choking incident. While there was conflicting testimony regarding whether the cause of choking was food or some medical condition, Ms. Daly lacked oxygen for several minutes. As a result, she suffered from irreversible brain injury. Ms. Daly's health deteriorated after the choking incident. A multi-system failure ultimately led to Ms. Daly's death on June 10, 1989.

This suit was filed in April, 1992. Count I of the petition states a claim on behalf of Ms. Daly's estate under the survival statute, section 537.020, RSMo 1986.[1] That section provides that:

> Causes of action for personal injuries, other than those resulting in death, whether such injuries be to the health or to the person of the injured party, shall not abate by reason of his death....

The claim alleged that Hill Haven was negligent in causing the May 1, 1989, accident and sought damages for personal injuries Ms. Daly sustained as a result of the accident. An element of the survival action is that the negligence of Defendant did *not* cause the death of Ms. Daly. A survival claim must be brought by the personal representative. It cannot be brought by the heirs. Here, it was properly brought by Ms. Bradley who was Ms. Daly's personal representative.

Count II of the petition states a wrongful death claim. It was brought by Ms. Marsh, daughter of Ms. Daly, on behalf of the surviving children of Ms. Daly, pursuant to section 537.080. That section provides that:

> Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstances which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages....

An element of the wrongful death claim is that the negligence of Defendant did cause the death of Ms. Daly. A wrongful death claim must be brought by an heir, such as

---

1. All statutory references are to RSMo 1986 unless otherwise indicated.

Ms. Marsh. It cannot be brought by the personal representative. Thus, Ms. Bradley could *not* have brought this claim.

Defendant did not object to the fact that the wrongful death and survival claims were joined, or to the fact that the claim by the heir and the claim by the estate were joined, prior to the trial. The case proceeded to trial on both counts. Both sides introduced evidence at the trial regarding the cause of Ms. Daly's death. Plaintiffs introduced the testimony of Dr. David McLaren, one of the physicians who treated Ms. Daly at Columbia Regional Hospital. It was Dr. McLaren's opinion that "the head injury did initiate a string of events which ultimately likely led to her demise," and that "but for" the automobile accident Ms. Daly probably would not have died.

Plaintiffs also offered the medical reports of Dr. O'Keefe, Ms. Daly's physician. Dr. O'Keefe stated in his report that it was impossible to state definitively that Ms. Daly died as a result of the accident. However, Dr. O'Keefe felt that the accident directly led to the general decline in Ms. Daly's health, resulting in her death.

Dr. Carl Doerhoff testified at trial for Defendant. It was his opinion that the accident and resulting scalp laceration did not contribute to Ms. Daly's death. Rather, he opined that the contributing factors in Ms. Daly's death were heart disease, renal failure, an incident in which she choked causing brain injury, undiagnosed lung cancer, and aspiration pneumonia.

In rebuttal to the testimony of Dr. Doerhoff, Plaintiffs attempted to offer Defendant's answer to Interrogatory No. 13. The Interrogatory requested the following information:

> State the name and address of each person you expect to call as an expert witness at the trial of this cause and the general nature of the subject matter on which the expert is expected to testify.

Defendant's answer identified Dr. McLaren and Dr. O'Keefe, the witnesses called by Plaintiffs at trial. Defendant later supplemented its answer by identifying Dr. Doerhoff.

Plaintiffs attempted to introduce Defendant's answer to Interrogatory 13 as an admission against interest "[t]o show that [Defendant] had also relied on Dr. McLaren and Dr. O'Keefe." Plaintiffs contended this evidence was an admission against interest because Dr. Doerhoff testified at trial that he disagreed with the opinions of Dr. O'Keefe and Dr. McLaren. The trial court determined that the answer was not an admission against interest, but just a part of the discovery process, and sustained Defendant's objection to the introduction of this evidence.

At the trial, Defendant argued that the wrongful death claim and the survival claim presented inconsistent claims for relief and that Plaintiffs should be permitted to submit only one claim. The trial court held that the "election between inconsistent theories" doctrine applied and required Plaintiffs to elect between the survival and wrongful death claims because the survival action required a showing that the death was *not caused* by Defendant's negligence, while the wrongful death claim required a showing that it was caused by Defendant's negligence.

Faced with this Hobson's choice, Plaintiffs elected to dismiss the survival claim and proceed on the wrongful death claim. The trial court ordered that the survival claim be dismissed with prejudice, and submitted only the wrongful death claim to the jury. The jury returned a verdict for Defendant.

Plaintiffs appeal the trial court's order requiring them to elect only one theory of recovery and the subsequent dismissal of the survival claim with prejudice. Plaintiffs also contend that the trial court abused its discretion in refusing to admit into evidence Defendant's answer to Interrogatory No. 13.

## II. *THE TRIAL COURT ERRED IN REQUIRING APPELLANTS TO ELECT BETWEEN INCONSISTENT THEORIES OF RECOVERY BECAUSE THIS RULE DOES NOT APPLY IN THIS CASE INVOLVING SEPARATE PARTIES WHO BROUGHT SEPARATE CLAIMS*

■ Plaintiffs contend that the trial court erred in requiring them to elect between

their separate claims for wrongful death and survival, and in requiring dismissal with prejudice of the survival claim. Plaintiffs contend that the doctrine of election between inconsistent theories does not apply in this case, in which separate claims were brought by separate plaintiffs properly joined in the same cause of action. It is Defendant's position that the doctrine of election between inconsistent theories applies because proof of either Plaintiff's claim disproved the other Plaintiff's claim and because the Plaintiffs essentially represented the same interests, i.e., the interests of the surviving children of Ms. Daly.

While Missouri law allows a party to *plead* alternative or inconsistent theories of recovery, Rule 55.10, the doctrine of election between inconsistent theories requires "a party to elect between theories of recovery that are inconsistent ... before submitting the case to the trier of fact." *Whittom v. Alexander–Richardson Partnership*, 851 S.W.2d 504, 506–07 (Mo. banc 1993). As *Whittom* explained, "[i]f two counts are so inconsistent that the proof of one necessarily negates, repudiates, and disproves the other, it is error to submit the inconsistent theories." *Id.* at 507 (citations omitted).

*Wallace v. Bounds*, 369 S.W.2d 138 (Mo. 1963), applied the doctrine of election of inconsistent theories to a case in which the same party brought a claim for wrongful death and a claim based on the survival statute.[2] The dispute in *Wallace* arose when Mr. Wallace was injured after the vehicle in which he was a passenger collided with a vehicle driven by Ms. Bounds. Mr. Wallace subsequently died as a result of a self-inflicted gunshot wound. The administrator of the estate sued Ms. Bounds under the survival statute in Count I and for wrongful death under Count II.

*Wallace* affirmed the trial court's order that the single plaintiff must elect between the two remedies because they were inconsistent, explaining that:

At his death only one claim or cause of action was in existence. It was either the same claim Doyle Wallace had and sued for in his lifetime or a new claim which came into existence upon his death. Both claims could not and did not exist. The theory of one of the claims denies the theory of the other. The proof of one negates, repudiates and disproves the other. In these circumstances the claims are inconsistent and, under the authorities, a party is not entitled to go to a jury on the two claims but is put to an election.

*Id.* at 142.

Other Missouri courts addressing the rule since *Wallace* have avoided the harsh consequences of the election between inconsistent theories doctrine by finding the case before them to be an exception to the doctrine, or by finding the two theories not to be truly inconsistent. *Cook v. Holcomb*, 854 S.W.2d 78 (Mo.App.1993), provides a good example. Conflicting evidence was presented at trial as to whether the father or his son was operating a car at the time of a collision. The Court of Appeals affirmed the trial court's order allowing plaintiff to submit jury instructions hypothesizing the different and mutually exclusive scenarios that the father was driving the automobile and that the son was driving the automobile as the instructions had been submitted in the disjunctive. It said that submission of the two theories in the disjunctive did not violate the election between inconsistent theories rule because that rule did not apply "where there is independent and conflicting evidence to support either of two factual scenarios which could make a submissible case or defense but could not both be true" and the jury is told to choose between them by submission of instructions in the disjunctive. *Id.* at 81. *See also* cases cited therein.

In *Whittom v. Alexander–Richardson Partnership*, 851 S.W.2d 504 (Mo. banc 1993), the Supreme Court noted that it had granted transfer of the case to examine the continued validity of the election between

**2.** At the time of the *Wallace* decision, a single plaintiff could bring both a survival action and a wrongful death action under section 537.080, as the plaintiff in *Wallace* did. Section 537.080 was subsequently amended to only allow the heirs of the deceased or an appointed plaintiff ad litem to bring suit under the wrongful death statute.

inconsistent theories doctrine, in light of the suggestion by the Eastern District of the Court of Appeals "that the requirement to elect between two theories that are inconsistent, or repugnant, may be an 'anachronism' under rules that allow pleading of claims or defenses in the alternative." *Id.* at 505. However, the Supreme Court ultimately declined to resolve that issue, because the two theories sought to be submitted in the case before it—common law dedication and prescriptive easement—were not truly inconsistent. *Id.* at 506.

We, too, share the Eastern District's concern that the doctrine requiring election between inconsistent theories is an anachronism. However, like *Whittom, Cook,* and similar cases, we too find that we need not reach this issue because the doctrine of election between inconsistent theories simply does not apply to these facts.

At the time that *Wallace* was decided a single plaintiff was required to bring both the wrongful death and the survival claim. Now, however, the survival statute, section 537.020, authorizes only the *personal representative* of the injured party's estate to bring the survival action. Pursuant to this statute, Ms. Bradley brought the survival action as personal representative of the estate of Ms. Daly.

On the other hand, the wrongful death statute, section 537.080.1, now authorizes the deceased's *children,* among others, to bring the wrongful death action. It does *not* authorize the personal representative to bring the action. Pursuant to this statute, Ms. Marsh, the daughter of Ms. Daly, brought the wrongful death action individually and for the use and benefit of all those entitled to bring an action under section 537.080.

Neither Plaintiff was entitled to bring the other's suit. If they had tried to do so, the claim belonging to the other party would have been dismissed for lack of standing, and the inconsistent theories doctrine would never arise. Each Plaintiff has brought solely

the claim she is entitled to bring, however. Ms. Bradley asks for relief solely in Count I and solely under the survival statute. Ms. Marsh asks for relief solely in Count II and solely under the wrongful death statute. Insofar as the record shows, Defendant did not object to joinder of these two claims and never moved to sever them prior to the trial.[3] Such joinder was not improper, in any event, for the issues clearly overlap. Double recovery may be avoided by requiring the two theories to be submitted in the disjunctive, as in *Cook.* The doctrine of election between inconsistent theories simply does not apply to deprive either Plaintiff of her right to submit her claim against Defendant. The trial court erred in requiring Plaintiffs to elect to submit only one of the theories asserted.

### III. REFUSAL TO ADMIT ANSWERS TO INTERROGATORY NO. 13 WAS NOT ERROR

■ Plaintiffs also argue that the trial court erred by refusing to admit into evidence Defendant's Answer to Plaintiffs' Interrogatory No. 13, which sought the identity of expert witnesses to be called at the trial. In its Answer, Defendant identified Dr. McLaren and Dr. O'Keefe, the two physicians who treated Ms. Daly and testified on behalf of Plaintiffs at the trial. Plaintiffs contend that the answer was admissible as a statement against interest. It is Defendant's position that the answer is not a statement of fact against interest, but merely a legal conclusion as to what experts they expected to call at trial.

### A. Standard of Review.

"The decision of the trial court as to the admissibility of evidence is accorded substantial deference on appeal and will not be disturbed unless the trial court has abused its discretion." *King v. Copp Trucking,* 853 S.W.2d 304, 307 (Mo.App.1993). An abuse of discretion is an "untenable judicial act that defies reason and works an injustice."

---

**3.** Respondent contends that the two Plaintiffs are in effect the same because they represent the same interests, those of the children of Ms. Daly. However, the relevant statutes carefully distinguish who can sue under each and neither Plaintiff is permitted to bring the other's claim. The fact that ultimately some or all of the same people may enjoy any money awarded is irrelevant.

*Moore v. Board of Educ. of Fulton Public School No. 58*, 836 S.W.2d 943, 948 (Mo. banc 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1270, 122 L.Ed.2d 666 (1993) (citations omitted).

### B. *Respondent's Answer to Interrogatory No. 13 was not Admissible as Admission Against Interest.*

 *Around the World Importing, Inc. v. Mercantile Trust Co., N.A.,* 795 S.W.2d 85 (Mo.App.1990), explained that a trial court will admit evidence as an admission against interest if the following elements are present:

(1) A conscious or voluntary acknowledgement by a party-opponent of the existence of certain facts,

(2) the matter acknowledged must be relevant to the cause of the party offering the admission, and

(3) the matter acknowledged must be unfavorable to, or inconsistent with, the position now taken by the party-opponent.

*Id.* at 89. While admissions of fact may be admissible, evidence of statements that are "conclusions of law" are not admissible as admissions against interest. *Coldwell Bankers–Gordon Co. Realtors v. Waters,* 791 S.W.2d 412, 415 (Mo.App.1990).

We need not determine whether the answer to Interrogatory No. 13 was against Defendant's interest in the first instance for it is clear that it did not constitute a "conscious or voluntary acknowledgement by a party-opponent of the existence of certain facts." *Around the World Importing,* 795 S.W.2d at 89. Defendant's answer to Interrogatory No. 13 did not disclose any facts. Rather, the answer was merely a disclosure of the names of expert witnesses, a disclosure that Defendant was required to provide Plaintiffs pursuant to Rule 56.01(b)(4), to eliminate the element of surprise during the trial.[4] *See State ex rel. Missouri Highway & Transp. Comm'n v. McDonald's Corp.,* 872 S.W.2d 108, 113 (Mo.App.1994) (the purpose of Rule 56.01 is "to eliminate the element of surprise during trial and provide the parties with all relevant materials"). The answer,

which was Defendant's attorney's legal opinion as to whom Defendant might call as a witness as required by Missouri law, was akin to a conclusion of law which is not admissible. *Coldwell Bankers–Gordon Co.,* 791 S.W.2d at 415. We thus hold that the answer was not admissible as an admission against interest.

For all of these reasons, this Court holds that the rule which requires a party to elect between two inconsistent theories of recovery does not apply in this case involving two different plaintiffs with two different causes of action, and the judgment of the trial court dismissing the survival claim is reversed and remanded for trial. The trial court's refusal to admit Defendant's answer to Interrogatory No. 13 was not error, and the judgment in favor of Defendant on the wrongful death claim is affirmed.

All concur.

---

4. Pursuant to Rule 56.01(b)(4), a party "may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial...."